ANDREW V. PRICE, Plaintiff, *v.* MARYLAND CASUALTY COMPANY, Defendant.

Supreme Court, Niagara County, March 27, 1937.

*George A. Orr*, for the plaintiff.

*James F. Kelly*, for the defendant.

TAYLOR (HARRY L.), Official Referee. On September 10, 1932, plaintiff held a liability insurance policy issued by defendant in which defendant agreed " to pay on behalf of Assured all sums which Assured should become obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident within one (1) year from the date of said policy, and arising out of the ownership, maintenance or use within the limits of the United States and the Dominion of Canada," of a certain automobile described in said policy.

Walter L. Parkhill was killed while riding as a passenger in plaintiff's automobile. The administrator of the estate of Walter L. Parkhill in an action against this plaintiff recovered a judgment of $5,193.09 against him. The plaintiff in that action was acting under letters of administration limiting the administrator " to the prosecution thereof [said action] and you are hereby restrained from settling said cause of action or enforcing any judgment recovered thereon until the further order of the Surrogate upon additional further satisfactory security." Later defendant's representative filed as a satisfaction of the judgment an instrument executed by the attorney for the limited administrator. This document had been executed without giving any additional security or obtaining the consent of the surrogate. No citation of authority is required for the statement that such instrument was not adequate for the purpose. The limited administrator was not empowered to satisfy the judgment. An administrator of the estate of Walter L. Parkhill with full powers has now been appointed and the judgment has not been paid to such administrator. Plaintiff has brought this action in equity to compel defendant to do such acts as will result in a satisfaction of the judgment against him and will remove the record of the judgment as a cloud upon the title to any real property owned by plaintiff.

Defendant advances two defenses: (1) That by means of a certain contract executed by this plaintiff, the defendant and the full administrator of the Parkhill estate, defendant has been " led to believe " that the present action would be discontinued; (2) that Price did not co-operate with defendant in the trial of the action of the administrator of Parkhill against the casualty company. The parties have presented their proofs to me. The first stated defense requires no comment. It was not at all substantiated. As to the second defense, the casualty company, through its attorney, who appears for it in this action, conducted Price's

defense in the primary action through to judgment and brought about the execution, delivery and filing of the so-called satisfaction piece hereinbefore mentioned without making any defense of non-co-operation. If the defendant has not waived all right to now claim non-co-operation of plaintiff, it has failed to establish non-co-operation before me.

Defendant's insurance contract with plaintiff Price is not one of pure indemnity, not one whereunder plaintiff must pay the judgment before he becomes more than nominally damaged. Every accident insurance policy is not an indemnity contract — although such contracts and other insurance contracts are often spoken of as " indemnity contracts "— but, like a life insurance policy, an accident insurance policy is a contract of investment only (*Suttles* v. *Railway Mail Association*, 156 App. Div. 435), unless by its language it is clearly intended to be a contract of indemnification. In the policy under consideration the casualty company did not merely agree to indemnify in the sense of reimbursing the assured for money actually lost and expended. It did more. The contract is to " pay * * * all sums which Assured should *become obligated* to pay " and adequate relief cannot be obtained by Price unless — without the trouble and expense of paying the judgment himself and then seeking in an action at law to compel defendant to pay him — Price can go into a court of equity and require defendant to pay the estate of Walter L. Parkhill and then clear the records of the judgment against Price. The principles involved and the appropriateness of the remedy here invoked by plaintiff are fully treated in the opinion in *Robert* v. *Keene* (74 Misc. 238). I deem further discussion and the citation of further authority unnecessary since I regard that decision as determinative in favor of plaintiff of the instant issue as to remedy.

Judgment should be awarded to plaintiff against defendant for the relief demanded, with costs. Prepare findings.