■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. WESTCHESTER COLPROVIA CORPORATION et al., Respondents.— Appeal by plaintiff from an order of Supreme Court, Special Term, Albany County, which denied plaintiff's motion for an order striking out the answer of defendant and directing the entry of sum-

mary judgment in favor of plaintiff, or in the alternative, for an order granting judgment on the pleadings in favor of plaintiff, or in the alternative, for an order striking out the defenses contained in the answer as insufficient in law. Defendant, Westchester Colprovia Corporation, had a contract with the plaintiff, State of New York, to treat a certain concrete highway. A performance bond was furnished by which defendant, Westchester, as principal and defendant, Standard Accident Insurance Company, as surety, agreed to protect the State and to pay " all amounts, damages, costs, and judgments which may be recovered against said State or its officers or agents or which the said State of New York may be called upon to pay to any person or corporation by reason of any damages, direct or indirect, arising or growing out of the doing of said work, or from the negligence, non-feasance, mis-feasance or malfeasance of any officer, agent or employee of the State, or Department thereof, or suffered or claimed on account of said Treatment during the time thereof and until the final completion and acceptance of the work, or the manner of doing the same, or the neglect of the said Principal, or his agents, or servants, or the improper performance of the said work by the said Principal, or his agents, or servants, or from any other cause ". On June 24, 1950, one Ara Gamjian suffered personal injuries when an automobile in which he was a passenger skidded on the oiled surface of the highway. Thereafter, a claim was tried in the Court of Claims and, after an appeal to this court (*Gamjian* v. *State of New York*, 281 App. Div. 923), a judgment was entered in favor of the claimant against the State. In this action the State seeks to recover the amount it was required to pay Gamjian by reason of its negligence. By way of the third affirmative defense, defendants allege that if the performance bond be construed as obligating the defendants to assume liability for the negligence committed solely by the State, the bond is illegal in that it permits the State to contract away its liability for its own acts of negligence. It also alleges that the performance bond is against public policy in that it requires the defendant, Westchester, to insure the State against its own negligence although the defendant, Westchester, is not licensed pursuant to the Insurance Law of the State of New York. We construe the disputed portion of the performance bond as a contract to indemnify the State against its own negligence. Such an agreement is not illegal. (*Salamy* v. *New York Central System*, 1 A D 2d 27, decided herewith.) Neither does it appear to us to be a policy of insurance issued by defendant, Westchester, to the State. The third defense is insufficient in law and should be dismissed. In the first, second and fourth affirmative defenses, defendants allege that before the accident defendant, Westchester, had performed and completed all of the work to be done under the contract with the State; that it was entitled to a formal notice of acceptance more than thirty hours before the accident; that the State had opened the highway to the public prior to the accident; and that the accident was occasioned solely by the negligent acts of the State subsequent to the completion of the work by defendant, Westchester, and that by opening the highway the State waived any claim it might have against defendants. One very vital part of this lawsuit is whether the work on the highway was completed and accepted by the State prior to the accident. These defenses allege that the work had been completed and, in effect, that the State by its acts and conduct had accepted it. Therefore, these defenses are not insufficient in law and the motion, insofar as it was addressed to their dismissal, was properly denied. The affidavits indicate that factual issues exist which should only be resolved after a trial. Summary judgment was therefore properly denied as was the application for judgment on the pleadings. Order modified by providing that the third affirmative defense be stricken out as insufficient in law and, as so modified, affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.