■ NANTASKET, INC., et al., Appellants, v. E. F. RABOY & CO., INC., Respondent.— Judgment and order appealed from unanimously reversed on the law and the facts and a new trial granted with costs and disbursements to the appellants to abide the event. The court had charged: "It is the claim of Rawley that the action brought by Nantasket was justified, reasonable, and proper because Rawley had failed to carry out its obligation to Nantasket in keeping the premises involved fully insured and in negligently causing a cancellation of the policies in reliance upon the representations of Raboy." This amounted to a charge that Rawley admitted its negligence. The court refused plaintiffs' request to charge: "The payment by Rawley Insurance Agency of $125,000 to Nantasket, Inc., may not be deemed by you as any admission by Rawley that it had been negligent or that it had any legal obligation to make any payment to Nantasket, Inc.", stating "the subject matter has been adequately charged". Although the subject raised had not been specifically discussed in the main charge, the refusal to so charge was technically correct in view of the two-pronged nature of the request. There being no indication in the record that Raboy had been notified of and given an opportunity to defend the Massachusetts action, Rawley, in seeking indemnity for its payment to Nantasket, was required to establish that it was legally obligated to pay. (*Feuer* v. *Menkes Feuer, Inc.*, 8 A D 2d 294, 298, 299; 28 N. Y. Jur., Indemnity, § 21.) Unless it acted as a pure volunteer, in which event it could not recover in this action, the settlement payment must be considered a concession by Rawley that it was legally obligated to do so. The obligation, however, might be found to be contractual or based on negligence or both and hence the payment, although in effect an admission of one or the other, was not necessarily an admission of either and the court should have so charged. In response to plaintiffs' request to charge: "Contributory negligence is no defense to an action for breach of contract" the court said: "I will so charge". Plaintiffs then requested a charge: "If you find that defendant's failure to deliver replacement policies to the plaintiffs was a breach of a contractual duty, then defendant's failure to deliver such policies cannot be excused by any claim that plaintiffs were themselves negligent." This was declined "on the ground that the matter has been amply charged". When, during its deliberation, the jury requested that the charge "re Rawley against Raboy with respect to negligence" be read, the

court refused plaintiffs' request that the " charge to the effect that contributory negligence is not a defense to an action for a breach of contract" be included in the reading. While the court had properly charged the general principles of law applicable to the respective causes of action, upon request plaintiffs were entitled to a clear and unequivocal charge that plaintiffs' negligence, if any, was not a defense to the causes of action for breach of contract. From a reading of the entire charge and refusals to charge, we are unable to say that the jury was not confused as to the relationship of plaintiffs' negligence, if any, to the causes of action in contract. (*Bacon* v. *Celeste,* 30 A D 2d 324.) The reference to section 168 of the Insurance Law was improper since that section by its terms applies only to policies on property located in this State. (*National Factors* v. *Waters,* 42 Misc 2d 822, 828.) Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Macken, JJ.