■ WEAVER METAL & ROOFING CO., INC., Appellant, v CONTINENTAL INSURANCE COMPANY, Respondent.—Order unanimously affirmed, with costs. Memorandum: Special Term properly denied plaintiff's motion for summary judgment in its action against its liability insurance carrier to recover $45,525 consisting of $14,525 expended in attorney's fees and $31,000 paid in settlement of a lawsuit brought by the County of Genesee for property damage to a building under construction. Plaintiff, a roofing contractor, had the roofing subcontract for the construction of the county's Genesee Valley Community College Building. The damage to the building occurred in early 1971 while plaintiff's work was still in progress. Defendant's policy excluded coverage for "property damage to work performed by or on behalf of the named insured arising out of work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith." Questions concerning coverage were raised when plaintiff was originally sued in 1972, but defendant's request that it be allowed to defend on a nonwaiver agreement was refused. Nevertheless, Continental's attorneys did appear in the action for plaintiff and, *inter alia,* participated with plaintiff's attorneys in a joint effort to settle with the county with both the plaintiff and Continental contributing to the settlement. Correspondence in the record demonstrates the existence of sharp factual questions concerning the claimed existence of a tacit understanding between the parties that Continental could undertake the defense of the action without waiving its rights

to disclaim. A letter from plaintiff's president dated October 24, 1973 stated that "the resolution of the issue [would] be held in abeyance pending possible settlement discussions and further investigation." Plaintiff's contentions that Continental has waived its rights by appearing without a formal nonwaiver agreement and that defendant is now estopped from disclaiming coverage present factual issues that cannot be decided summarily *(O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347, 355; *Jewtraw v Hartford Acc. & Ind. Co.,* 280 App Div 150). Nor is there sufficient documentation of the damages in the record to warrant summary judgment (CPLR 3212, subd [b]). There is no substantiation of the amount claimed for attorney's fees. In any event, the reasonableness of the charges and what part, if any, should be charged to defendant are factual questions. The only documentation supporting the $31,000 settlement paid by plaintiff to the county and claimed as damages against defendant is hearsay evidence consisting of a copy of the bill of particulars in the county's action. There is nothing in this bill of particulars to show what, if any, part of the $31,000 paid by plaintiff was to cover damage to the work (i.e., the roofing job—which would not be covered by the policy) and what part, if any, was for damage unrelated to the work. Such proof is clearly insufficient. (CPLR 3212, subd [b].) (Appeal from order of Erie Supreme Court—summary judgment.) Present—Simons, J. P., Dillon, Hancock, Denman and Goldman, JJ.