OPINION OF THE COURT
Norman C. Ryp, J.
a. issue
Is Civil Court jurisdiction to make a declaratory judgment involving insurer’s obligation to indemnify or defend an action seeking recovery of $10,000 or less, under a newly enacted New York City Civil Court Act amendment (CCA, § 212-a, L 1979, ch 85), effective September 1, 1979, retroactively applicable: to an underlying 1978 action; third-party action and 1976-1978 liability insurance?
The answer to this fulcrum issue of statutory first impression is yes!
B. PROCEDURAL HISTORY
The issue is posed by Hartford Insurance Company (Hartford), a third-party defendant, in CPLR 3211 (subd [a], pars 2, 3, 7) 1979 motions to dismiss for lack of jurisdiction over the subject matter, lack of legal capacity to sue by Nelson-Balmer Cadillac, Inc. (N-B Cadillac), defendant-third-party plaintiff; or, in the alternative to sever, pursuant to CPLR 603, to further *977 convenience or avoid prejudice, and order a separate trial; and finally N-B Cadillac be compelled to accept Hartford’s third-party answer.
The underlying action was commenced against General Motors Corp. (GM) and N-B Cadillac, on or about November 8, 1978, to recover $10,000 for breach of: warranty of merchantability, warranty or contract to repair a 1977 Cadillac Seville purchased in January, 1977. Thereafer N-B Cadillac forwarded plaintiffs’ (Robert & Tamara Galpern) summons and indorsed complaint to Hartford, which disclaimed coverage of "property damage” as defined under its liability insurance policy (either 35 PNC 617032E or 35 HUG 17014-501 by letter dated, November 27, 1978). Thereafter, on March 9, 1979, Hartford moved to vacate its pleading default and compel acceptance of its third-party answer by N-B Cadillac, which was granted by order, dated March 20, 1979, of Judge Margaret Taylor, upon condition that service and filing thereof be made within 10 days after the order with notice of entry (March 22, 1979). Owing to a claimed administrative law office lag, said order was not served until August 27, 1979 (six months later) and, again, was rejected by N-B Cadillac as untimely. The above procedural history triggered subject motions.
c. parties’ contentions
Hartford contends, in substance that:
(a) Section 167 (subd 1, par [b], subd 7) of the Insurance Law bars direct actions against an insurance company unless and until there is a judgment unsatisfied for 30 days in the underlying liability action not affected herein. This negates the court’s jurisdiction over the subject matter and N-B Cadillac’s legal capacity and cause of action to implead Hartford under CPLR 3211 (subd [a], pars 2, 3, 7).
(b) The joinder of an insurance company in the underlying action is extremely prejudicial, thus justifying severance and a separate trial under CPLR 603 and N-B Cadillac should be compelled to accept Hartford’s third-party answer because its service delay was inadvertent.
In opposition, N-B Cadillac, submits in substance that:
(a) Section 167 of the Insurance Law requires a prior unsatisfied judgment, for 30 days only where indemnification of a judgment in the underlying liability action is sought. This *978 does not apply to subject impleader action for breach of insurance contract by insured to defend a pending liability action.
(b) There is no prejudice to Hartford, justifying CPLR 603 severance and a separate trial, since the underlying liability third-party actions are in contract (breach of warranty and contract) as distinct from total liability. The only prejudice is to N-B Cadillac on the insurance coverage issue in the underlying action and there is no need for duplication.
(c) Hartford has failed to show good cause (law office failure is inadequate) to justify vacating its pleading default.
D. APPLICABLE LAW
Subdivision 3 of section 167 of the Insurance Law may absolve, as a matter of law, an insurer from defending an action where liability of its insured is incurred because of death or personal injury to the insured’s spouse, in the absence of an express contrary policy provision to prevent collusive actions between husband and wife (United States Fid. & Guar. Co. v Franklin, 74 Misc 2d 506, affd 43 AD2d 844). However, such is inapplicable to cited section 167 (subd 1, par [b]; subd 7) of the Insurance Law (L 1939, ch 882; amd L 1945, ch 409, eff April 2, 1945) which allows a direct action by the original plaintiff (personal representative or assignee) in the underlying liability action against the original defendant’s ("insured”) insurer following 30 days after entry and now satisfaction, or nonpayment, of a judgment against the insured. This applies to the insurer’s duty or liability to pay after judgment against the insured as distinct from the insurer’s broader duty to defend the insured before judgment, which is in issue herein. (See Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 154.) This distinguishes, in fact and law, Hartford’s citations in support of its motion to dismiss for lack of legal capacity to sue or failure to state a cause of action (CPLR 3211, subd [a], pars 3, 7).
The Court of Appeals has stated (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325): "An insured’s right to be accorded legal representation is a contractual right * * * and this right exists even if debatable theories are alleged in the pleading against the insured” and further held (p 326) that: "An insurer’s obligation to furnish its insured with a defense is heavy indeed and, of course broader than its duty to pay.” The rule is clearly set forth in Goldberg v *979 Lumber Mut. Cas. Ins. Co. of N. Y. cited above and quoted therein as follows: " 'Indeed, even in cases where the policies do not render the allegations by the insured party controlling, it has been said: "The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insured to defend the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured’s ultimate liability.” ’ ” (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325, 326-327; see Ann. 41 ALR2d 434-441, Refusal of liability insurer to defend action against insured involving both claims within coverage of policy and claims not covered.)
The above distinction (between an insurer’s obligation to pay or indemnify and defend) carries procedural differences. CPLR 3001 action for declaratory judgment to establish an insurer’s liability to pay must await the outcome of the underlying liability action (see Prashker v United States Guar. Co., 1 NY2d 585, 590-591). However, "If the allegations in the underlying action are, on their face, within the compass of the risk covered by the policy, the insurer is obliged to assume the defense of the action (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., [297 NY 148], supra; International Paper Co. v Continental Cas. Co., 35 NY2d 332, supra).” (American Home Assur. Co. v Port Auth. of N. Y. & N. J., 66 AD2d 269, 277, which granted insured’s motion for partial summary judgment in an action in the Supreme Court of New York County for declaratory judgment while the underlying liability action was pending; see Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69.)
Prior to September 1, 1979, such a CPLR 3001 action for declaratory judgment involving the insurer’s obligation to indemnify or defend (although the amount sought to be recovered did not exceed $10,000) had to be brought in the Supreme Court and such an action in the Civil Court of the City of New York would be dismissed, as Hartford moves, upon, among other grounds, lack of jurisdiction over the subject matter. (See CCA, §§ 201-212; CPLR 3211, subd [a], par 2.)
However, in 1979, the New York State Legislature, in the interest of judicial economy plus a positive step towards the modern and reform goal of court unification under the effective leadership of the Governor and the Chief Judge of the *980 State of New York, amended the Civil Court Act, by adding a new section 212-a thereto which reads as follows: "§ 212-a. Declaratory judgments involving obligations of insurers. The court shall have the jurisdiction defined in section 3001 of the CPLR to make a declaratory judgment with respect to any controversy involving the obligation of an insurer to indemnify or defend a defendant in an action in which the amount sought to be recovered does not exceed ten thousand dollars.” (See L 1979, ch 85, eff Sept. 1, 1979.)
This right, in a CPLR 3001 action for declaratory judgment existed before September 1, 1979 in the Supreme Court of the State of New York. Newly enacted section 212-a of the Civil Court Act merely prescribes a remedy already in existence but extends same to the Civil Court of the City of New York, if the amount sought is less than $10,000. Thus, according to traditional principles of statutory law, section 212-a is applicable retroactively, not prospectively, to cover subject action. (See Jacobsus v Colgate, 217 NY 235; 56 NY Jur, Statutes, § 89, pp 569-570.)
Whether CPLR 603 (severance and separate trial) and/or CPLR 5015 (relief from default) is warranted to Hartford depends upon the interests of justice, avoidance of substantial prejudice upon such terms as may be justice, all within the court’s reasonable discretion. (See Strauss v Bennett Bros. Corp., 27 AD2d 528; CPLR 5015.)
E. CONCLUSIONS OF LAW
It appears that judicial economy and the interests of justice, without any prejudice to any party, indicate that the issue of coverage of subject liability policy and Hartford’s obligation to defend N-B Cadillac be resolved first (see International Paper Co. v Continental Cas. Co., supra; American Home Assur. Co. v Port Auth. of N. Y. & N. J., supra).
As noted above, since September 1, 1979, under newly enacted section 212-a of the Civil Court Act which this court finds retroactive application to subject 1976-1978 liability insurance policy, the underlying action does not seek to recover more than $10,000. This gives the Civil Court CPLR 3001 jurisdiction to make a declaratory judgment herein, obviating a parallel action in the Supreme Court.
Unfortunately, neither Hartford, in its moving papers nor N-B Cadillac, in its opposing affirmation, presents the entire *981 or the same liability insurance policy. This prevents this court, if it has discretionary sua sponte power, to render any section 212-a of the Civil Court Act declaratory judgment relief herein.
Accordingly, by reason of the foregoing, the motions are disposed of as follows:
(1) . Hartford’s CPLR 3211 (subd [a], pars 2, 3) motion to dismiss N-B Cadillac’s third-party complaint are denied. Such is without prejudice to either party’s right (and each is granted leave herein) to amend its respective pleading (third-party complaint and third-party answer) to include an action for declaratory judgment, under CPLR 3001 and § 212-a of the Civil Court Act on the issue of liability insurance coverage and Hartford’s obligation to defend; and
(2) . Hartford’s CPLR 603 motions to sever and for a separate trial are denied as moot, in accordance with paragraph ”1” above; and
(3) . Hartford’s CPLR 5015 motion to vacate its pleading default and leave to compel N-B Cadillac to accept Hartford’s third-party answer is granted in the interest of justice and judicial economy upon the following terms and conditions:
(a) Hartford shall pay N-B Cadillac $100 costs for timely failure (6 months instead of 10 days) to comply with the order of Judge Margaret Taylor, dated March 20,1979; and
(b) Hartford shall serve and file its amended third-party answer, including a counterclaim action for declaratory judgment, as set forth in paragraph "1”, within 20 days after service by N-B Cadillac upon Hartford, of a true copy of this order, with notice of entry; and
(c) In the event Hartford shall timely fail or refuse to comply with order in the absence of good cause to extend same prior to its deadline, this motion is denied.