■ HARRY MARTELL, Individually and as Parent and Natural Guardian of WILLIAM B. MARTELL, an Infant, Plaintiff, v NORTH RIVER INSURANCE COMPANY, Defendant. (Action No. 1.) NICHOLAS F. CUTRO, Appellant, v NORTH RIVER INSURANCE COMPANY, Respondent, et al., Defendants. (Action No. 2.) — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered March 22, 1984 in Albany County, which, in action No. 2, granted defendant North River Insurance Company's motion to vacate plaintiff's demand for a jury trial.

Nicholas F. Cutro operated a restaurant and a boat and jet ski rental business on Lake George in Warren County. On August 31, 1979, Cutro rented a Kawasaki jet ski to William Brent Martell, aged 16. While using the ski on the lake, Martell collided with Cutro's motorboat, which had been rented to a third party, and suffered serious injuries, including the loss of his left arm. Cutro at the time had a $300,000 limit liability policy with Hartford Accident and Indemnity Company insuring his rental business. In April, 1979, Cutro had instructed a local insurance agency to procure a $1,000,000 comprehensive excess liability policy for his business operations and was advised by that agency that such coverage had been obtained with North River Insurance Company (North River), effective April 26, 1979. However, the actual policy allegedly was not delivered to Cutro until October 19, 1979, subsequent to the Martell accident. Cutro gave prompt notice of the accident to North River, and also of the personal injury suit in the United States District Court (N.D.N.Y.) commenced in April, 1980, on behalf of Martell against Cutro, the jet ski manufacturer, the operator of the motorboat and others. In April, 1981, North River notified Cutro that it was disclaiming coverage under "exclusion 7" of the policy because the watercrafts involved in the accident were not covered by an underlying liability insurance policy listed in the "Schedule of Underlying Insurance" of the North River policy.

After North River's disclaimer, Cutro commenced the instant action (action No. 2) for a judgment declaring that North River was obligated to defend and indemnify him regarding the then

pending Martell injury case in Federal Court. Previously a similar action (action No. 1) was commenced on behalf of the Martells seeking a similar declaratory judgment in Supreme Court, Albany County. The two actions were consolidated for trial in Albany County. The Martell personal injury action in the United States District Court has since proceeded through both trial and appellate stages to judgment, *inter alia,* against Cutro in an amount in excess of Cutro's primary insurance policy limits.

Cutro's complaint in action No. 2 set forth three causes of action. In the first, he alleges that North River wrongfully disclaimed coverage under the terms of its policy. In the second and third causes of action, Cutro incorporates those allegations and additionally claims that North River was estopped from denying coverage because (1) it had unreasonably delayed notifying Cutro of its disclaimer in violation of subdivision 8 of former section 167 of the Insurance Law,[*] and (2) it had unreasonably delayed delivering the actual policy until October 19, 1979, and by these acts or omissions prevented Cutro from correcting the omissions in the policy's "Schedule of Underlying Insurance" before the Martell accident occurred.

Following an unsuccessful motion for summary judgment, Cutro made a demand for a jury trial. North River countered by moving to vacate the demand. Special Term granted North River's motion on the ground that, since at the least, the second and third causes of action of the complaint were equitable in nature, Cutro had waived any right to a jury trial. This appeal by Cutro from the vacatur of his demand for a jury trial then ensued.

Since the declaratory judgment action is actually a modern remedial device to permit adjudication of claims before they have completely matured, the bringing of such an action is itself not determinative of whether the parties are entitled to a jury trial. That determination requires an analysis of the legal or equitable nature of the traditional form of action which would most likely have been employed had a declaratory judgment action not been available (*Independent Church v Board of Assessors,* 72 AD2d 554, 555; Siegel, NY Prac, § 439, p 583). Applying that analysis here, we conclude that the underlying claims set forth in the complaint are legal rather than equitable in nature and, hence, Cutro could not have been denied a jury trial.

As to the first cause of action, Cutro essentially pleads that North River was obligated to provide coverage and a defense

---

* Effective September 1, 1984, former section 167 of the Insurance Law was renumbered as section 3420 of the Insurance Law (L 1984, ch 367).

under the terms of its policy and wrongfully breached the parties' contract of insurance (see *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). Although there is earlier precedent holding that an equitable action for specific enforcement would lie for such a claim (*Price v Maryland Cas. Co.,* 162 Misc 363), more recent authorities clearly recognize that relief for such a claim is available by way of a money damage action for breach of contract and tort, both as to the insurer's breach of the duty to defend (*Doyle v Allstate Ins. Co.,* 1 NY2d 439, 444) and to indemnify (*King v Commercial Ins. Co.,* 27 AD2d 620, 621; see, also, *Weaver Metal & Roofing Co. v Continental Ins. Co.,* 58 AD2d 1037). The gravamen of the complaint herein plainly sounds in breach of contract and tort and lacks any of the additional pleading requirements for an equitable action for specific performance. As such, Cutro would have been entitled to a jury trial of the claim had the declaratory judgment action device not been created. That right was not defeated because Cutro alleged in the second and third causes of action that North River was equitably estopped from denying coverage under the terms of a policy exclusion. Estoppel *in pais* is not inconsistent with and may be asserted in an action at law (*Wikiosco, Inc. v Proller,* 276 App Div 239, 241; *Witherell v Kelly,* 195 App Div 227, 233; 21 NY Jur, Estoppel, § 15, p 22). This being the case, pleading such an estoppel did not convert Cutro's underlying claim from an action at law to one sounding in equity.

For the foregoing reasons, the order should be reversed and Cutro's demand for a jury trial in action No. 2 reinstated.

Order reversed, on the law, with costs, and action No. 2 restored to the Albany County Supreme Court Jury Calendar for trial. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.