■ LUMBERMAN'S MUTUAL CASUALTY COMPANY, Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant.—Judgment unanimously vacated, on the law, without costs. Memorandum: The trial court erred in declaring the rights of Lumberman's Mutual Casualty Co. and Aetna Casualty and Surety Co. under their policies of insurance issued to The John Cowper Co., Inc. The record on this appeal establishes that in a plenary civil action, Joseph Ciffa sued the Jewish

Federation Housing Development Fund Company, Inc. and H. J. Mye Lumber Corporation for damages for personal injuries he received while working as a carpenter for Cowper on a construction contract being performed for Jewish Federation. He asserted causes of action for negligence and a Labor Law violation. Jewish Federation instituted a third-party action against Cowper for common-law and contractual indemnification. These actions were settled upon Cowper's agreement to pay $166,500 in addition to the workers' compensation benefits already paid to Ciffa. The Lumberman's policy issued to Cowper covered claims for workers' compensation, negligence and common-law indemnification and Aetna's comprehensive general liability policy issued to Cowper covered, by indorsement, claims for contractual indemnity. The policies were not made a part of the record. The attorneys for the insurance carriers stipulated in the negligence and third-party actions that Ciffa "would prevail against Jewish Federation and the Jewish Federation is in a pass through posture and there was negligence on the part of Cowper." In accordance with their agreement the trial court "converted the action" to one for a declaratory judgment and stated that it would resolve the obligation of each carrier "as it relates to this settlement". After hearing the arguments of counsel, the court directed Aetna to pay the amount of the settlement in the personal injury action and to reimburse Lumberman's for workers' compensation benefits. The authority of the court to render declaratory judgment is prescribed by law (CPLR 3001) and usually pleadings are required (CPLR 3011). Here, the court could not simply "convert" the action without additional pleadings (CPLR 103 [c]) because the insurers were not parties to the personal injury lawsuit, and, in effect, it created a new action based on an agreement of counsel. While it is true that in an appropriate case parties may agree to dispense with pleadings (CPLR 3031, 3222), here the unacknowledged, incomplete oral stipulations cannot fulfill the requirements of an "Action on submitted facts" under CPLR 3222 and cannot be treated as sufficient for the commencement of an action under the "Simplified procedure for court determination of disputes—action without pleadings" (CPLR 3031 et seq.). No civil action seeking either coercive or declaratory relief is pending between these insurers and under these circumstances declaratory relief may not be granted. (Appeal from judgment of Supreme Court, Erie County, Flaherty, J.—declaratory judgment.) Present—Dillon, P. J., Denman, Boomer, Pine and Schnepp, JJ.