388

ZURICH INSURANCE COMPANY, Plaintiff, v FRANKLIN E. WHITE, Individually and as Commissioner of the New York State Department of Transportation, Defendant and Third-Party Plaintiff-Appellant. OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Third-Party Defendant-Respondent, et al., Third-Party Defendant.

Third Department, July 30, 1987

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey* and *William J. Kogan* of counsel), for appellant.

*Charles E. Snow (Frank T. Mahady* of counsel), for third-party defendant-respondent.

### OPINION OF THE COURT

LEVINE, J.

In May 1984, the Department of Transportation (DOT) entered into a contract with third-party defendant E. Smalis Painting Company, Inc. (Smalis) for the cleaning and painting of the Fuhrmann Boulevard Bridge located in the City of Buffalo. Pursuant to the terms of the contract, Smalis procured an insurance policy from plaintiff, Zurich Insurance Company (Zurich), covering the State for liability for personal injury and property damage claims arising out of the performance of the work. Also, as required by the contract, Smalis furnished a performance bond in favor of the State, with third-party defendant Occidental Fire & Casualty Company of North Carolina (Occidental) as one of the two sureties thereunder.

As the work on the bridge progressed, various claims were asserted by owners of autos, boats and other property located under or in the vicinity of the bridge, alleging damages as a result of Smalis' performance. Zurich processed these claims under the foregoing liability insurance policy, but eventually advised DOT that it was disclaiming coverage for any damage caused by work performed after June 1, 1985. Zurich then brought the instant action against defendant, the Commissioner of DOT, seeking a declaratory judgment that all such claims for damages incurred as a result of Smalis' operations on the bridge after June 1, 1985 were not within the scope of the policy's coverage and that, therefore, Zurich had no obligation to indemnify or defend the State against them.

The theory of the complaint is that DOT was advised by

Smalis in May 1985 that the type of paint and manner of its application specified in the contract were causing the damage to property which was the subject of the prior claims, but that DOT insisted that Smalis continue to adhere to the contract specifications in this regard. Therefore, Zurich alleges, claims for damages to property taking place thereafter fell outside the scope of the policy's coverage, which was limited to claims for personal injury and property damage arising out of an "occurrence", i.e., an "accident * * * neither expected nor intended from the standpoint of the insured".

After serving an answer, the Commissioner commenced a third-party action against Smalis and Occidental. The Commissioner now appeals from the granting of Occidental's motion to dismiss the third-party complaint against it without prejudice to the Commissioner's commencement of a separate action, and the denial of the Commissioner's cross motion to sever the third-party action and consolidate it for trial with the primary action.

There should be an affirmance. Impleader is only appropriate when the defendant in the primary action is proceeding "against a person not a party who is or may be liable to *him for all or part of the plaintiff's claim against him*" (CPLR 1007 [emphasis supplied]). Founded in the doctrine of strict indemnity and contribution, modern third-party practice has been broadened in scope and is to be liberally applied *(Cohen Agency v Perlman Agency,* 51 NY2d 358, 364-365). The primary defendant and third-party plaintiff's claim may exceed the damages sought in the plaintiff's complaint *(supra,* at 365-366). The third-party complaint may be based on a theory of liability different from and independent of the cause of action pleaded against the primary defendant, and remains viable even when the impleaded party owes no direct duty to the primary plaintiff *(Garrett v Holiday Inns,* 58 NY2d 253, 262-263). Nonetheless, the impleader statutory language requires some minimal jural relationship, aside from possible common questions of fact or law, between the liability of the defendant asserted in the main action and the liability over claim in the third-party complaint. At the least, the "third-party claim must be sufficiently related to the main action to at least raise the question of 'whether the third-party defendant may be liable to defendant-third-party plaintiff, for whatever reason, for the damages for which the latter may be liable to plaintiff' " *(Rausch v Garland,* 88 AD2d 1021, 1022, quoting *Norman Co. v County of Nassau,* 63 Misc 2d 965, 969 [Meyer,

J.]). Put another way, "the liability sought to be imposed upon a third-party defendant must *arise from or be conditioned upon* the liability asserted against the third-party plaintiff in the main action" *(BBIG Realty Corp. v Ginsberg,* 111 AD2d 91, 93 [emphasis supplied]; *see,* Siegel, NY Prac § 157, at 201).

The third-party complaint against Occidental fails to meet the foregoing test. It alleges in substance that Smalis breached its contract with DOT by failing to provide liability insurance in the dollar limits required by the contract and also failed to comply with the contract provisions requiring Smalis to indemnify and hold the State harmless from damage claims arising out of Smalis' performance of the work. Occidental's liability is posited in the third-party complaint on its guarantee of Smalis' contract obligation to indemnify the State on damage claims arising out of the performance of the contract, including even claims based upon negligence on the part of the State. While these claims over could be regarded as sufficiently related to claims against the State by owners of damaged property, even on the basis of strict indemnity, they are totally independent from the theory upon which the claim for relief is based in the main action, namely, that DOT by its own acts took the damage claims out of the scope of the coverage of the separate contract of insurance between the State and Zurich. Smalis' obligation under its contract to indemnify the State on damage claims, guaranteed by Occidental, exists irrespective of Zurich's similar obligation under the insurance policy. The third-party complaint does not contain the requisite allegation of any acts of Smalis or Occidental which affected or otherwise gave rise to Zurich's right to disclaim liability on the insurance policy *(see,* Siegel, NY Prac § 157, at 201). Since Smalis' and Occidental's indemnification liability neither arises out of nor is contingent upon the validity of Zurich's disclaimer, impleader did not lie. Accordingly, Supreme Court properly dismissed the third-party complaint against Occidental.

For much the same reasons previously discussed, the primary and third-party actions lack such commonality of questions of law or fact as to establish an abuse of discretion on the part of Supreme Court in denying the Commissioner's alternative cross motion for consolidation (CPLR 602 [a]). As the Commissioner himself asserts in his brief on this appeal, Occidental may be liable to the State under the bond even if Zurich was legally justified in disclaiming coverage because of

DOT's acts *(see, People v Westchester Colprovia Corp.,* 1 AD2d 724, 725).

MAHONEY, P. J., KANE, WEISS and YESAWICH, JR., JJ., concur.

Order affirmed, with costs.