OPINION OF THE COURT
Henry W. Lengyel, J.
On January 10, 1990, the defendant made application for an *480 order pursuant to Court of Claims Act §9 (9-a) (L 1989, ch 487) requiring the Reliance Insurance Company to provide a defense of this claim to its named insured, the State of New York; and, for costs and disbursements to be paid to the State of New York for being caused to make this motion. The defendant also sought an order finding the said insurance company liable for the full amount of any damages eventually recovered by the claimant in claim No. 79102 (if any are so recovered) regardless of the limits of the insurance policy because of the insurance company’s alleged "bad faith” in refusing to defend claim No. 79102; and, a further order for payment of the costs incurred by the defendant for being forced to defend this claim.
Reliance Insurance Company of New York (hereafter Reliance) cross-moved for an order dismissing defendant’s motion for summary judgment because of lack of jurisdiction and/or otherwise denying the motion on the ground (assuming jurisdiction) that said motion is premature since served before issue was joined, etc.
Subdivision (9-a) of section 9 of the Court of Claims Act was enacted by Laws of 1989 (ch 487) effective July 16, 1989. It reads as follows: "9-a. To make a declaratory judgment as defined in section three thousand one of the civil practice law and rules with respect to any controversy involving the obligation of an insurer to indemnify or defend a defendant in any action pending in the court of claims, provided that the court shall have no jurisdiction to enter a judgment against an insurer pursuant to this subdivision either: (i) for money damages; or, (ii) if the insurer would otherwise have a right to a jury trial of the controversy with respect to which the declaratory judgment is sought.”
This amendment to the Court of Claims Act was a part of the Attorney-General’s legislative program for 1989-1990. The memorandum submitted to the Legislature in support of the proposed legislation stated in part:
"The Court of Claims currently is authorized only to award monetary damages against the State, having no power to impose equitable remedies or issue declaratory judgments. Consequently, when a dispute arises between the defendant (the State or one of its entities) and an insurer regarding the obligations of the insurer under its contract to defend and indemnify the defendant that dispute must be resolved elsewhere. In recent years, as many as 15 such disputes have been *481 presented to the Insurance Department or the Supreme Court. In order to make a determination, the fact finder, in each case, had to familiarize himself with the facts and background already known to the Court of Claims judge.
"By allowing the Court of Claims judge to resolve the dispute by means of a declaratory judgment, the time of the court system and the Attorney General’s office will be saved. This is consistent with the objectives of the Individual Assignment system, where one judge, familiar with a case, hears all aspects.
"The bill is patterned after section 212-a of the New York City Civil Court, which gives that court, also a court of limited jurisdiction, authority to issue similar declaratory judgments.”
Of course, the New York City Civil Court, although limited in jurisdiction, does have the power to conduct jury trials and to assess money damages within limits (see, Uniform Rules for Trial Courts [22 NYCRR] part 208; Galpern v General Motors Corp., 102 Misc 2d 975). Counsel to the Uniform Court System informed the Governor’s counsel by letter of July 13, 1989 that: "We are advised that the Court of Claims has no objection to this bill, although the exception made with respect to actions where the insurer has a right to a jury trial, as provided for in the bill, makes it doubtful as to how effective this provision actually will prove to be in achieving its purpose.”
The Assistant Attorney-General posited that, when the Legislature adopted subdivision (9-a), it "could not have been relying on Section 3001 of the CPLR in that that section solely refers to Supreme Court”. In my opinion he was incorrect (see, Lumberman’s Mut. Cas. Co. v Aetna Cas. & Sur. Co., 119 AD2d 987, 988).
The only ruling relating to subdivision (9-a) that I found in this court was encompassed in the order of Judge Albert A. Blinder which was filed on December 27, 1989 (see, Groger v State of New York, Ct Cl, claim No. 74099, CM-40981). In that proceeding, Judge Blinder construed a motion for a declaratory judgment as a motion for leave to serve a "Notice of Impleader together with a third-party claim, in the nature of a complaint. Thereafter, the third-party defendant, named therein, shall respond within the time limits set forth in the CPLR.” In general, I agree with the substance and procedural import of said order. However, in the summary judgment motion at bar, the Assistant Attorney-General has gone well *482 beyond an effort to obtain a declaration whether this insurer had a broad duty to defend the insured before judgment (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310, 311; Schwamb v Fireman’s Ins. Co., 41 NY2d 947; International Paper Co. v Continental Cas. Co., 35 NY2d 322; Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 154). He has gone into matters where Reliance might well be entitled to a jury trial (see, Martell v North Riv. Ins. Co., 107 AD2d 948); and that was in direct contravention of the limitations engrafted upon the power allegedly granted to this court by Court of Claims Act § 9 (9-a). For all of the reasons set forth above, I deny the Assistant Attorney-General’s motion for summary judgment. My ruling makes the cross motion moot and it is denied for that reason. There is no necessity for me to address the more exotic points raised by both counsel.
However, I do advise that, if the Assistant Attorney-General intends to seek a declaratory judgment in this court on the question of representation, it is my opinion that the general procedure to be followed is laid out in CPLR 1007, 1008 and 3001, 3011, 3013. As we do not have a summons and complaint in this court, until such time as the Court of Claims adopts a rule pertaining to declaratory judgments, the impleading papers, as suggested by Judge Blinder (supra), shall be denominated a third-party claim. It, together with all prior pleadings, shall be served upon the third-party defendant. It shall also be served upon claimant’s counsel. Service may be made personally or by certified mail return receipt. Proof of service together with three copies of the third-party claim shall be filed in the Chief Clerk’s office in Albany within 10 days of such service. Subsequent to service of the third-party claim, the third-party defendant shall serve its answer within the time constraints set forth in the CPLR, not the 40 days allowed in the Court of Claims Act. The third-party defendant shall also file three copies of the answer, together with proof of service, in our Chief Clerk’s office in Albany.
It is hereby ordered that motion No. M-41479 and cross motion No. CM-41575 are denied for the reasons set forth in the body of this memorandum opinion. I direct the Chief Clerk of the court to serve copies of this memorandum opinion and order upon all counsel.