OPINION OF THE COURT
Gerard M. Weisberg, J.
Claimant, Royal Insurance Company of America (Royal), defended the City University of New York (CUNY) and the State of New York in an action in this court and, allegedly, paid a settlement on their behalf under a reservation of rights. It now moves for permission to file a late claim which seeks: (i) a declaration that Royal had no obligation to defend or indemnify the defendants; and (ii) restitution and damages in the sum of $85,000. Jurisdiction is vested in this court with respect to the matter pursuant to Court of Claims Act § 9 and Education Law § 6224 (4).
Prior to April 20, 1985, the Richmond Lions Club had arranged to use the Williamson Theater, located on the campus of the College of Staten Island, a four-year institution of CUNY, for the program entitled a "Night at the Theater”. For this event, the International Association of Lions Clubs had procured a policy of insurance from claimant. The policy applied to the event and covered the Richmond Lions Club, the Williamson Theater and the College of Staten Island. As to the latter two entities, however, they were only named as additional insureds "as respects to liability arising out of the use of their premises by the Lions Club and not out of the sole negligence of said Williamson Theater and College of Staten Island.”
On the night of the performance, Marie Solimando slipped and fell on a stairway on the campus of the College of Staten Island, and on March 27, 1986 she and her husband John filed a timely claim against CUNY and the State. The gravamen of the claim was that the stairs on which Marie fell were negligently maintained by the defendants. The papers were forwarded to Royal which, on April 20, 1986 sent a reservation of rights letter to CUNY. In the letter, Royal pointed out *534 that CUNY was not an insured with respect to incidents resulting from its own negligence. It then went on to say that should the facts lead to that conclusion, the defense of the action would be returned to it.
Thereafter, on January 30, 1987, Royal wrote to the office of the Attorney-General. This letter stated that claimant had completed its investigation; that the incident resulted solely from the negligence of CUNY; that Royal was therefore disclaiming coverage; and that CUNY should arrange for substitution of its own counsel. The defendants refused and Royal continued the defense.
The matter was called for trial on June 29, 1987. With notice to the defendants, Royal settled the action on the next day for $75,000. As stated above, it now seeks to file a late claim for restitution and damages representing the $75,000 settlement plus $10,000 in attorneys’ fees it expended in providing defendants with a defense.
With respect to the factors enumerated in Court of Claims Act § 10 (6), defendants concede that they had timely notice and an opportunity to investigate the facts underlying the claim and that Royal has no other remedy. Their opposition is predicated on the theory that Royal’s delay is not excusable, that the claim is not meritorious and that allowing the claim to be filed now would prejudice them.
Clearly claimant has no valid excuse for its delay. Apparently, it first brought this action in the Supreme Court of the State of New York, New York County. This is inexplicable inasmuch as Royal had just finished defending these very defendants in this court; it therefore had to understand that this is the only forum with jurisdiction over its claim. (See, Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979.)
Conversely, defendants’ argument that they would be prejudiced if Royal were allowed to file its claim now is without merit. The prejudice arises, defendants assert, because the Solimando claim has been settled, and it is therefore too late for the defendants to defend it. This misperceives the appropriate test.
The prejudice to be considered under section 10 (6) is that resulting from claimant’s delay in filing its claim. Inasmuch as the defendants concede that they were aware of the underlying facts, to wit, that Royal was disclaiming coverage *535 and later that it proposed to settle the claim, even before the 90-day period began to run, the delay, could not have prejudiced them. If the defendants have been prejudiced by anything Royal did, it arises from Royal’s handling of the Solimando case, not from its delay in filing the claim. That in turn goes to the question of whether Royal is entitled to indemnification, i.e., the merits of its claim.
As to the merits, under the language of the policy as written, it appears clear that neither CUNY nor the State were covered: the State is not even named as an insured, and CUNY is an additional insured provided the incident did not arise out of its sole negligence.
In response, the defendants argue that Royal’s settlement of the Solimando claim was either an admission of coverage, or, if not, a volunteered payment which would preclude indemnification. (See, Nantasket, Inc. v Raboy & Co., 31 AD2d 804.)
Defendants having asserted that they were covered under the policy and having refused to retain their own counsel in the Solimando action, they can hardly claim now that Royal was acting as a volunteer when it settled the matter. (Mid-City Shopping Center v Consolidated Mut. Ins. Co., 35 AD2d 1053.) Rather, acceding to defendants’ position while preserving its rights, Royal’s settlement was in discharge of a contractual obligation which the defendants pressed. Moreover, inasmuch as it sent a reservation of rights letter, its conduct cannot be construed as an admission of coverage. (See, Schiff Assocs. v Flack, 51 NY2d 692.)
Defendants also argue that Royal’s disclaimer of coverage was untimely under Insurance Law § 3420 (d). This section is inapplicable. In Zappone v Home Ins. Co. (55 NY2d 131) and its progeny (see, e.g., Matter of Prudential Prop. & Cas. Ins. Co. v Hobson, 67 NY2d 19; Matter of Fireman’s Fund Ins. Co. v Freda, 156 AD2d 364; Sears Oil Co. v Merchants Ins. Group, 88 AD2d 753; Creech v Knitter, 88 AD2d 985, affd on opn below 57 NY2d 712), case law had determined that the cited statute only applies where there is coverage under the policy as written and the disclaimer results from a subsequent termination of coverage, for example from the insured’s failure to abide by a condition of the policy, such as to give prompt notice of the claim. Where, however, as here, there was no coverage under the policy, even where all conditions have been met, the section is inapplicable and no notice of disclaimer need be provided at all. (Zappone v Home Ins. Co., 55 NY2d 131, supra.)
*536 Be that as it may, there is still a case-law rule that where an insurer undertakes the defense of an entity despite the lack of coverage, it will be estopped from a later disclaimer if its conduct has prejudiced the entity in the interim. (See, Schiff Assocs. v Flack, 51 NY2d 692, supra; Hartford Ins. Group v Mello, 81 AD2d 577.) Typically, no prejudice has been found, and therefore an estoppel has not been granted where either the insured has consented, explicitly or implicitly, to the insurer defending under a reservation of rights (see, Weaver Metal & Roofing Co. v Continental Ins. Co., 58 AD2d 1037), or the insured’s counsel has been invited to participate in the defense. (See, O’Dowd v American Sur. Co., 3 NY2d 347.) The burden of proving an estoppel lies on the entity seeking to invoke it.
Here, while it is not clear what, if any, understanding the parties had with respect to Royal’s defense under the reservation of its rights, it is uncontradicted that the Attorney-General was invited to take over or participate in the defense. On these papers, we therefore can find no estoppel against Royal’s disclaiming coverage.
As a final matter, the State argues that it is an improper defendant in this action because the Solimando fall happened on a four-year college of CUNY. This misconceives the gravamen of the proposed claim. The issue is not whether the State was or could have been liable to the Solimandos (cf., Education Law § 6219 [1] [a] [title to campuses of senior institutions of CUNY to be transferred to the State on or before January 1, 1980]), but whether Royal defended and indemnified the State, at its request, under a reservation of rights when no coverage existed. If so, it must now indemnify Royal. (McDermott v City of New York, 50 NY2d 211.)
Based on the majority of the factors and the totality of the circumstances, the motion is granted. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979, supra.)