■ VIACOM INTERNATIONAL, INC., Plaintiff, v MIDTOWN REALTY COMPANY, Respondent-Appellant, and PHOENIX ASSURANCE COMPANY OF NEW YORK et al., Appellants-Respondents. [652 NYS2d 740] —Order, Supreme Court, New York County (Carol Huff, J.), entered June 20, 1995, which denied defendant landlord's motion to amend its answer to assert the affirmative defense that it is an implied co-insured on the insurance policies issued by defendants insurers to plaintiff tenant, and denied the insurers' cross motion for partial summary judgment on their cross claim against the landlord on the issue of the landlord's contractual liability for damages to the tenants' leasehold improvements, unanimously modified, on the law, to grant the insurers' cross motion for partial summary judgment, and to direct an inquest on the amount of their damages, and otherwise affirmed, with costs to defendants-appellants-respondents.

Defendants insurers paid their insured, plaintiff tenant, for fire damage to its leasehold improvements which, by the terms of the commercial lease, became the property of defendant landlord, upon installation. The lease provided in paragraph 9 (b) that if the premises were partially damaged by fire, "the damages thereto shall be repaired by and at the expense of Landlord". On a prior appeal, this Court held that the waiver of subrogation clause in paragraph 9 (e) of the lease applied only to tort-based liability and did not include contractual liability (193 AD2d 45). As a result of that holding, the insurers cross-claimed in subrogation against the landlord based upon the latter's contractual obligation to make the repairs at its expense, and moved for partial summary judgment on that cause of action. The IAS Court denied the motion on the ground that an issue of fact exists as to whether the fire was caused by negligence. This was error, since negligence is not a defense to

---

a cause of action for breach of contract (*see, Nantasket, Inc. v Raboy & Co.*, 31 AD2d 804), and we modify accordingly. Concerning the landlord's cross appeal, its motion to amend its answer to include an affirmative defense that it is immune from subrogation as an "implied co-insured" under the policies was properly denied on the ground that such a doctrine has never been recognized in this State, and there is nothing in the policies to indicate an intention to cover the landlord's insurable interest in the leasehold improvements. Concur—Murphy, P. J., Sullivan, Rosenberger, Williams and Andrias, JJ.