■ EDWARD SCHWARTZMAN, Respondent, v. WALTER WEINTRAUB et al., Appellants. — Order, Supreme Court, New York County, entered May 7, 1973, unanimously affirmed, without costs and without disbursements. The amended complaint contained three causes of action, all based on an alleged oral agreement. The first cause of action sought an accounting. When plaintiff realized that the presence of this equitable claim would prevent his getting a jury trial, he moved to serve a second amended complaint in which this cause of action was omitted. We believe he had a right to do so. We also believe he would be entitled to the discovery he seeks, with the limitation implicit in the following discussion. It appears that defendant was in the business of making commercial surveys. Plaintiff - approached defendant with the idea of carrying out political surveys. It is claimed a contract to that effect, whereby plaintiff would perform certain services and be paid certain amounts, was entered into. The first cause of action is for damages for breach of this agreement by failure to pay the sums contracted for. The second cause of action is for fraud by claiming that the defendant falsely claimed it was going out of the business of making political surveys and therefore induced plaintiff to acquiesce in terminating the contract. Plaintiff alleges that defendant did not go out of the business, and seeks damages for the fraud. Defendant moves to dismiss and for summary judgment on several grounds. In addition to the individual defendant there are two corporate defendants. The complaint alleges that these were controlled by the individual defendant and were the means by which he did business. Defendants dispute this. At most, a question of fact is presented. Defendant also pleads the Statute of Frauds on the ground that the contract was not performable within one year. Here again, at most questions of fact are presented. Instead of a bill of particulars defendant served interrogatories, in one of which the plaintiff was required to set out the contract relied on. The answer to this interrogatory reveals a contract more restricted in its terms than that alleged in the complaint. Defendant claims this variance mandates dismissal. It does not. When a written contract is attached to the complaint or set out in a bill of particulars, it is the contract which controls, and not the description of it in the pleading. Here the contract set out in the answer to the interrogatory should be deemed the contract pleaded. It would follow that only

records relevant on that contract need be disclosed. Concur — McGivern, J.P., Markewich, Murphy, Lane and Steuer, JJ.