■ PATRICIA PANARELLA, Respondent, v PENTHOUSE INTERNATIONAL, LTD., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered December 14, 1977, unanimously modified, on the law, to grant defendant-appellant's motion to strike the jury demand and otherwise affirmed, without costs and without disbursements. Here equitable (for injunction of publication of plaintiff's photograph) and legal (for damages) claims were joined in one complaint. The suit is brought under sections 50 and 51 of the Civil Rights Law, and plaintiff's application to sever the equitable claim and serve an amended complaint was granted as requested by cross motion to the motion to strike. (Special Term properly interpreted the cross motion as one for discontinuance of the equitable cause.) Obviously, plaintiff's maneuver was designed to clear the way to have her claim for money damages tried to a jury, and Special Term's ruling effectively accomodated this wish. Special Term relied on *Schwartzman v Weintraub* (43 AD2d 683) which, on the surface, appears to depart from a long line of cases holding that joinder of legal and equitable causes vitiates the right to trial by jury *(Geller v Julien,* 52 AD2d 808; *Di Menna v Cooper & Evans Co.,* 220 NY 391; CPLR 4102, subd [c]). In *Schwartzman,* Special Term held that the plaintiff could amend a complaint to discontinue an equitable cause, but Special Term had held—and was not overruled—that the right to a jury trial having been waived by the joinder of causes, plaintiff there could not regain the lost right to a jury. Our ruling in *Schwartzman* was solely as to the right to discontinue as it would affect disclosure proceedings. We here follow *Schwartzman* to the letter. And in *Fleischer v Institute For Research In Hypnosis* (57 AD2d 535), while we permitted an amended complaint to be served without loss of the right to a jury, the amendment brought in a new, entirely different cause of action, not theretofore pleaded. Concur—Murphy, P. J., Birns, Fein, Markewich and Yesawich, JJ.