■ ANN A. KAPLAN, Respondent, v LONG ISLAND UNIVERSITY, Appellant.—Order, Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered July 5, 1985, denying defendant's motion to strike plaintiff's jury demand, unanimously reversed, on the law, without costs or disbursements, the motion granted and the action stricken from the Jury Calendar and placed on the Nonjury Calendar.

The action was commenced to recover for alleged discrimination in violation of the Human Rights Law (Executive Law art 15). The complaint contains seven causes of action, charging discrimination based upon sex, age and religion, as a result of which plaintiff's employment was terminated after 16 years of service. She alleges, *inter alia,* that she was paid less than a male employee performing comparable services and was improperly denied promotion to the position of director of admissions. She contends that the termination of her employment, allegedly for budgetary reasons, was a pretext for unlawful discrimination. The complaint seeks as damages the difference between the salary she received and that received by the male employee, the wages she would have received had she been promoted and the sum of $100,000 for humiliation and mental anguish. The second, fourth, sixth and seventh causes of action also demand reinstatement to her former position (sixth and seventh causes) and installation as director of admissions (second and fourth causes).

Two years after the action had been commenced, plaintiff sought defendant's consent to amend the complaint to delete

her prayer for reinstatement, since plaintiff had obtained permanent employment elsewhere and was no longer interested in returning to the university. The parties entered into a stipulation to that effect, preserving plaintiff's right to claim entitlement to a jury trial and defendant's right to object thereto. Thereafter, in April 1985, plaintiff filed a note of issue demanding a jury trial. Special Term denied defendant's motion to strike the jury demand, holding that plaintiff was entitled to a jury trial since the amendment deleting the demand for reinstatement thereby eliminated any equitable remedy from the prayer for relief.

We disagree. A party's entitlement to demand a jury trial is dependent upon the facts pleaded, not the demand for relief. CPLR 4101 (1) provides for a trial by jury in an action where the party "demands and sets forth facts which would permit a judgment for a sum of money only". The critical consideration is whether the facts stated show that the action is equitable or legal in nature. The fact that the complaint demands a money judgment does not necessarily establish that there is a right to a jury trial (see, Bell v Merrifield, 109 NY 202, 207; Clearview Gardens First Corp. v Weisman, 206 Misc 526, 528, affd 285 App Div 927; see also, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.12).

Under established principles, the joinder of claims for legal and equitable relief amounts to a waiver of the right to demand a jury trial (Panarella v Penthouse Intl., 64 AD2d 545; Geller v Julien, 52 AD2d 808; CPLR 4102 [c]). Our holding in Panarella is dispositive here. In that case, we recognized that it is the joinder of legal and equitable claims which vitiates the right to a trial by jury and the right may not be revived by a subsequent "maneuver" to sever the equitable claim. Similarly, in this case, the stipulation between the parties, by which the complaint was amended to delete the equitable prayer for reinstatement, did not entitle plaintiff to a jury trial of any of the remaining causes of action. In view of our holding here that plaintiff waived her right to a jury trial by joining in one action claims for legal and equitable relief, we do not reach the issue whether the causes of action for discrimination under the Human Rights Law are inherently legal or equitable in nature. Concur—Sullivan, J. P., Carro, Kassal and Rosenberger, JJ.