JOSEPH MURPHY, Appellant, v AMERICAN HOME PRODUCTS
CORPORATION, Respondent.

First Department, April 7, 1988

APPEARANCES OF COUNSEL

*Jeremy Heisler* of counsel *(Richard M. Meyer* with him on the brief; *Milberg Weiss Bershad Specthrie & Lerach,* attorneys), for appellant.

*David R. Jewell* of counsel *(Joseph L. Clasen* and *Richard J. DeMarco, Jr.,* with him on the brief; *Donovan Leisure Newton & Irvine,* attorneys), for respondent.

## OPINION OF THE COURT

ELLERIN, J.

At issue on this appeal is whether plaintiff is entitled to a jury trial in an age discrimination action brought pursuant to Executive Law § 297 (9) where the sole relief sought is money damages to compensate plaintiff for what he would have earned, both by way of salary and other benefits, had he remained in defendant's employ until his normal retirement, and also an additional award for punitive damages.

This action stems from defendant's summary discharge of the plaintiff, at age 59, after some 23 years of employment, in April 1980. Plaintiff attributed his firing to two causes—(1) retaliation for his disclosure of various improprieties and illegal account manipulations by corporate personnel and (2) his age. In prior appellate proceedings, the dismissal of various tort and contract causes of action pleaded by plaintiff was upheld by the Court of Appeals in a decision *(Murphy v American Home Prods.,* 58 NY2d 293) which reaffirmed that court's adherence to the "long-settled rule that where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason" (at 300) and noted that change in this area must await legislative action. In that decision, however, the Court of Appeals also reversed the dismissal of plaintiff's cause of action for discrimination on the basis of age and reinstated that claim, holding that a civil action for age discrimination brought pursuant to subdivision (9) of Executive Law § 297 "is governed by the three-year period of limitations prescribed in CPLR 214 (subd 2) applicable to 'an action to recover upon a *liability,* penalty or forfeiture created or imposed by statute' " and not, as held by the courts below, the one-year limitation provided in subdivision (5) of section 297 of the Executive Law which "was intended to apply only to the filing of complaints with the

Division of Human Rights" *(Murphy v American Home Prods., supra,* at 307).

Plaintiff's amended complaint setting forth his sole remaining viable cause of action for employment discrimination in violation of New York Executive Law § 296 demands judgment for $500,000 in compensatory damages, including $420 in special damages; $ 2,000,000 in punitive damages; costs and disbursements of this action and concludes with the usual "boiler-plate" flourish of "such other and further relief as to this Court seems just and proper".

Upon completion of discovery, plaintiff filed a note of issue demanding a jury trial and defendant moved to strike that jury demand, contending that the age discrimination action was essentially equitable in nature and that plaintiff was seeking equitable relief. The IAS court (134 Misc 2d 807, 809) granted defendant's motion to strike because of "an always present possibility" that it might grant nonmonetary equitable relief pursuant to CPLR 3017 (a) which provides that "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded." The IAS court concluded that "[t]he availability of and potential for such relief mandate that the jury demand be stricken" *(supra,* at 809, citing *Kaplan v Long Is. Univ.,* 116 AD2d 508).

We disagree and hold that an age discrimination suit pursuant to Executive Law § 297 (9) which seeks relief by way of money damages only falls within the scope of CPLR 4101 (1) and is triable by a jury.

Historically, the right to a trial by jury in this State has been constitutionally guaranteed (NY Constitution, art I, § 2) in all cases in which it had been used at the time of the adoption of the State Constitution in 1777 and, additionally, in actions where the right had been created by statute between 1777 and 1894 *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4101.08). The underlying determinant with respect to the use of a jury in the common law was the character of the case —that is, whether it was an action at law, to which a right to trial by jury attached, or a suit in equity, to which it did not. This distinction was rooted in the development of a bifurcated law—equity system in earlier English history. Although procedurally the separate forms of action have been abolished *(see,* CPLR 103 [a]), the substantive distinction as to whether an action is one at law or equity still has relevance in determining whether a jury trial was historically utilized in a particu-

lar type of action and thereby protected. *(See,* discussions in 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4101.01-4101.04, 4101.06-4101.08; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C103:1, at 14-15.)

CPLR 4101 which is intended "as a convenient guide for lawyers and judges" is declaratory of the constitutionally guaranteed right to a trial by jury and enlarges upon that right by specifically including actions which do not fall within the constitutional ambit. *(See,* Cunningham and Sullivan, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR 4101, at 92, *and* Legislative Studies and Reports, at 93-94.) Insofar as here relevant, that statute provides that "issues of fact shall be tried by a jury unless a jury trial is waived" in "1. an action in which a party demands and sets forth facts which would permit a judgment for a sum of money only".

It has long been held that the mere fact that the complaint demands a money judgment only is not dispositive but that it is the facts pleaded which are controlling in determining whether the relief was "improperly confined to a money demand merely". *(O'Brien v Fitzgerald,* 143 NY 377, 381.) If, in fact, a sum of money alone can provide full relief to the plaintiff under the facts alleged, then there is a right to a jury trial. *(See, O'Brien v Fitzgerald, supra.)*

The cause of action here in issue is a new one created by Executive Law § 297 (9). That section confers upon any person claiming to be aggrieved by an unlawful discriminatory practice (including discrimination in employment because of age) "a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate". It is significant that the only specific remedy mentioned is that of "damages" without qualification. In distinction, subdivision (4) (c) of the statute, which deals with the relief available when the aggrieved party elects to proceed administratively before the State Division of Human Rights, expressly details the five remedies which the Division may provide. Of these remedies, four are essentially injunctive in nature requiring the respondent either to cease and desist from the discriminatory practice or to take certain specified affirmative actions. The only "damage" remedy available before the Division is limited to an "awarding of compensatory damages to the person aggrieved" (Executive Law § 297 [4] [c] [iii]).

An over-all review of the statute indicates that the statu-

tory scheme is designed to provide an aggrieved person with a choice between alternative avenues of redress, each of which is distinctly different in character and designed to serve different purposes. On the one hand, there is the administrative forum where appropriate relief can be fashioned for aggrieved persons primarily interested in eliminating the discriminatory conduct in both a general and individual sense and, on the other hand, there exists a legal cause of action for individual vindication primarily by way of an award of money. Indeed, in its prior decision in this case regarding the applicable Statute of Limitations, the Court of Appeals noted the distinctions between the administrative relief and the judicial remedy and observed that "[t]he procedures, practices, and remedies, indeed the entire perspective of administrative intervention under the Human Rights Law, differ radically from the traditional course of judicial conduct" and it further characterized the new actions created by subdivision (9) of section 297 as "actions *to recover damages* for unlawful discriminatory practices". *(Murphy v American Home Prods., supra,* 58 NY2d, at 307; emphasis added.) It is clear, therefore, that the statute itself contemplates that a person aggrieved by unlawful discrimination can obtain full relief by way of money damages only.

Contrary to defendant's argument, plaintiff's ritualistic use in the prayer for relief of the language "and such other and further relief as to this court seems just and proper", does not change the legal character of the relief demanded. While the use of that language may evidence the reluctance of lawyers to depart from legalistic formalisms and embellishment, even when unnecessary in the particular context used (although here plaintiff asserts that its purpose is to preserve the right to increase the demand for additional medical expenses) such language in no way changes the exclusively monetary nature of the relief actually sought, nor does it alter the fact that such monetary damages alone will afford a full and complete remedy based upon the facts set forth by the plaintiff, as required under CPLR 4101 (1).

The IAS court's reliance upon CPLR 3017 (a) in conjunction with the "availability of and potential for" equitable relief in an age discrimination case is likewise unavailing in the present context. That equitable relief under similar circumstances may be available is not the determinant. What is critical is whether the facts pleaded in the particular case "imperatively require" equitable relief or whether under those facts the

requested relief of money damages only can also provide full redress. *(See, O'Brien v Fitzgerald, supra.)* CPLR 3017 is not intended as an expedient for forcing on a plaintiff relief which the plaintiff neither seeks nor wants. *(See, Ross v Ross,* 84 AD2d 569, *affd for the reasons stated* 55 NY2d 999.)* Here, plaintiff has made clear that he does not seek or wish reinstatement or other injunctive relief but wishes to be compensated by an appropriate monetary award and there is nothing whatever in the facts set forth by him which would not permit the entry of a money judgment only for his attainment of full and complete relief.

The legal character of the relief sought is not altered because part of plaintiff's demand for monetary damages includes provision for past and future lost earnings. These are precisely the type of damages that juries in our State are called upon every day to determine in personal injury and other types of actions. Defendant's attempt to characterize future lost earnings, which it denominates as "front-end pay", as equitable in nature on the basis of certain Federal case law is neither persuasive nor consonant with the statute before us. Executive Law § 297 provides a choice of forum, administrative or judicial, as well as various possible alternative types of relief, legal and equitable, as set forth in subdivisions (4) and (9). The choice as to both forum and the particular remedy to be pursued to redress the discrimination complained of lies with the aggrieved person. Here, plaintiff, as the aggrieved person, has elected to proceed by way of a legal action in which he makes no request, either overtly or impliedly, for reinstatement or any other type of equitable relief in lieu of future lost earnings, but has, instead, chosen, as is his prerogative, to seek money damages alone as his sole and exclusive remedy for the age discrimination which he alleges he suffered. The facts set forth in his complaint permit the entry of such a judgment and he is, therefore, entitled to a trial by jury on that claim (CPLR 4101 [1]).

*Kaplan v Long Is. Univ.* (116 AD2d 508), which was relied upon by the IAS court, is not to the contrary. In that discrimination action the plaintiff initially joined demands for monetary damages with demands for equitable relief including reinstatement. Such initial joinder of prayers for both legal and equitable relief was held to constitute a waiver of the right to a jury trial which could not be revived by the subsequent "maneuver" of deleting the equitable prayer for reinstatement. The decision in the *Kaplan* case expressly

noted that it did not reach the issue which is before us. As indicated, we have determined that an age discrimination suit statutorily created by Executive Law § 297 (9) which seeks monetary relief only is a legal wrong triable by a jury. *(Cf., Dunn v Fishbein,* 123 AD2d 659, 660.)

Accordingly, the order of the Supreme Court, New York County (Martin B. Stecher, J.), entered February 23, 1987, granting defendant's motion to strike plaintiff's demand for a jury trial, should be reversed, on the law, and the motion denied, without costs.

MURPHY, P. J., SANDLER and SULLIVAN, JJ., concur.

Order, Supreme Court, New York County, entered on February 23, 1987, unanimously reversed, on the law, and the motion denied, without costs and without disbursements.