(January 17; 1989)

■ REGINA VEGA, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent.—Order of the Supreme Court, New York County (Andrew Tyler, J.), entered on June 8, 1988, which denied plaintiff's motion for reconsideration of its prior order, entered on January 4, 1988, granting defendant's motion to strike the jury demand, is unanimously reversed on

the law, the motion for reconsideration granted and, upon reconsideration, defendant's motion to strike the jury demand denied, without costs or disbursements.

An examination of the complaint in this employment discrimination/sexual harassment action reveals that plaintiff is asking for back pay and compensatory money damages for mental pain and suffering and the alleged wrongful infliction of mental distress. Unlike the situation in *Kaplan v Long Is. Univ.* (116 AD2d 508), relied upon by the Supreme Court in granting defendant's motion to strike the demand for a jury trial, wherein plaintiff initially sought equitable relief, including reinstatement, along with monetary damages, plaintiff here has never requested reinstatement in her complaint. According to CPLR 4101 (1) a party is entitled to a jury trial in an action which "demands and sets forth facts which would permit a judgment for a sum of money only". As this court explained in *Murphy v American Home Prods. Corp.* (136 AD2d 229, 233), Executive Law § 297 (9), which is part of the Human Rights Law of the State of New York, "contemplates that a person aggrieved by unlawful discrimination can obtain full relief by way of money damages only".

Despite the fact that plaintiff's complaint also cites title VII of the Civil Rights Act of 1964, as amended (42 USC § 2000e *et seq.*), providing for equitable relief only, it is evident that she is proceeding primarily under the State Human Rights Law. In that regard, even where a claim is brought pursuant to title VII, "if the plaintiff's claim under the New York Human Rights Law is viable, she is entitled to a jury trial on that state claim" *(O'Brien v King World Prods.,* 669 F Supp 639, 642 [SD NY 1987]). Moreover, notwithstanding that the complaint herein makes mention of title VII, as previously noted, nowhere does plaintiff actually request equitable relief. While it is true that the complaint contains a phrase stating that plaintiff "seeks appropriate relief in contract" and also asks that plaintiff be awarded "such other and further relief as the Court deems appropriate and in the interest of justice", this court aptly noted in *Murphy v American Home Prods. Corp. (supra,* at 233) that: "Contrary to defendant's argument, plaintiff's ritualistic use in the prayer for relief of the language 'and such other and further relief as to this court seems just and proper', does not change the legal character of the relief demanded. While the use of that language may evidence the reluctance of lawyers to depart from legalistic formalisms and embellishment, even when unnecessary in the particular context used * * * such language in no way changes the exclu-

sively monetary nature of the relief actually sought, nor does it alter the fact that such monetary damages alone will afford a full and complete remedy based upon the facts set forth by the plaintiff, as required under CPLR 4101 (1)."

The fact that the complaint asserts that plaintiff "seeks appropriate relief in contract" is also not determinative since it is clear that, under the circumstances herein, plaintiff will be able to receive full redress from an award of money damages only *(see, Murphy v American Home Prods. Corp., supra)*, and she has claimed that she does not desire reinstatement or other equitable relief. Consequently, plaintiff is entitled to a jury trial, and defendant's motion to strike the jury demand should have been denied. Concur—Murphy, P. J., Ross, Milonas, Ellerin and Smith, JJ.