■ CADWALADER WICKERSHAM & TAFT, Respondent, v ANTHONY SPINALE et al., Appellants.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered October 19, 1990, which granted plaintiff's motion to strike defendants' jury demand, unanimously reversed, on the law, and the motion denied, without costs.

Plaintiff brought this action seeking payment of fees for services rendered to the individual defendant and to the corporate defendants of which Anthony Spinale is a principal. Spinale interposed a counterclaim, alleging that plaintiff's bills were not in accordance with the parties' oral agreement regarding plaintiff's fees. The counterclaim seeks recovery of amounts paid in excess of the reasonable value of plaintiff's services. An accounting and discovery are sought to permit an itemization of plaintiff's charges and computation of the amount alleged to have been overpaid. Plaintiff moved to strike Spinale's demand for a jury trial. Supreme Court

granted the motion, reasoning that defendants' counterclaim contains a request for equitable relief which operates as a waiver of the right to a jury trial. We disagree.

This issue is governed by CPLR 4101, which states that "equitable defenses and equitable counterclaims shall be tried by the court". The question, however, is not whether an equitable counterclaim exists but whether, when viewed in its entirety, the primary character of the case is legal or equitable *(Murphy v American Home Prods. Corp.,* 136 AD2d 229). In the matter at bar, although defendants seek an accounting, their primary demand is for money. The accounting is merely a method to determine the amount of the monetary damages. The action therefore sounds in law and not in equity.

This case is not distinguishable from *Azoulay v Cassin* (103 AD2d 836), in which the plaintiff sued for breach of contract but also sought an accounting to determine the amounts at issue. The court concluded that the substance of the action involved contract issues and that the accounting was merely incidental to the contract action. The court held that a jury trial was not waived merely by the inclusion of an equitable claim *(see also, Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19; *Cilwick v Camelo,* 55 AD2d 782; *Vinlis Constr. Co. v Roreck,* 23 AD2d 895). Where, as here, money damages alone afford a full and complete remedy, the action sounds in law and may be tried by a jury *(Hebranko v Bioline Labs.,* 149 AD2d 567). Defendants can be fully compensated by an award of money damages, representing the amount alleged to have been overpaid to plaintiff.

In view of our disposition in this matter it is unnecessary to reach Spinale's remaining contentions. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.