■ NEW JERSEY STEEL ACQUISITION CORPORATION, Appellant, v VON ROLL, AG., et al., Respondents.—Order, Supreme Court, New York County (David B. Saxe. J.), entered May 8, 1992, granting defendants' motion to strike plaintiff's demand for a jury trial, unanimously affirmed, with costs.

The IAS Court properly held that plaintiff waived its right to a jury trial when it joined its legal and equitable causes of action arising out of the same alleged wrong in its complaint *(Zimmer-Masiello, Inc. v Zimmer, Inc.,* 164 AD2d 845). Plaintiff's claims of tortious interference and unjust enrichment, as pleaded in the complaint, do not arise out of separate transactions, and therefore do not entitle plaintiff to a jury trial on those causes of action (CPLR 4102 [c]). Finally, having waived its right to a jury trial by joining its legal and equitable claims, that right may not be subsequently revived *(Zimmer-Masiello, Inc. v Zimmer, Inc., supra; Kaplan v Long Is. Univ.,* 116 AD2d 508). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.

■ GIULIA LIVRERI, Respondent, v JERRY O'CONNELL et al., Appellants, et al., Defendants.—Judgment, Supreme Court, Bronx County (Philip C. Modesto, J.), entered October 11, 1991, in favor of plaintiff in the aggregate sum of $137,604.00, unanimously affirmed, with costs.

Defendants-appellants urge that because the verdict in this action brought to recover for personal injuries was against the weight of the credible evidence, the trial court erred in denying their motion to set aside the verdict. However, based on the record before this Court, it is clear that the jury reasonably determined that defendant O'Connell was negligent in backing up the motor vehicle which struck plaintiff, causing her to fall and sustain injuries. Accordingly, there is no basis to overturn the jury's verdict *(see, Kimberly-Clark Corp. v Power Auth.,* 35 AD2d 330, 335). Further, no view of the evidence demonstrates any comparative negligence on the part of plaintiff.

In conclusion, we note that the trial court properly gave a missing witness charge concerning the owner and/or manager of the gas station since he was present at, or immediately after, the accident, and was clearly knowledgeable about several material issues in this case *(see, People v Gonzalez,* 68 NY2d 424, 427). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.