■ BELLE ENDERVELT et al., Respondents, v EDWARD N. SLADE, Individually and as Trustee Under the Will of ALECK SLADE, and as Successor in Interest of FIRST ROYAL CORP., et al., Appellants. [598 NYS2d 224] —Order, Supreme Court, New York County (Carol Huff, J.), entered February 18, 1993, which denied defendants' motions to dismiss plaintiffs' claims of fraud and constructive trust, and to strike plaintiffs' demand for a jury trial, and granted plaintiffs' cross-motion to dismiss defendants' counterclaims on statute of limitations grounds, unanimously affirmed, without costs.

These consolidated actions, commenced in 1988 and 1989, involve an intra-family dispute concerning allegations, *inter alia,* that defendant Edward Slade and his now deceased father, who was plaintiff Belle Endervelt's brother, and legal counsel with respect to most of the transactions complained of, defrauded plaintiff and her children of their rightful interests, as distributees of the estate of her husband, in properties owned by him, commencing with the 1972 forgery of a deed to some of the properties and ending in February 1988, with defendant's refusal to turn over the proceeds of a sale of plaintiffs' property.

The IAS Court properly declined to dismiss plaintiffs' claims with respect to the 1972 deed transfer and the transfer of certain properties in 1973 and 1977, as time-barred, since triable issues of fact exist with respect to the time plaintiffs discovered or should, with due diligence, reasonably have discovered the alleged fraud *(see, Trepuk v Frank,* 44 NY2d 723; *see also, K&E Trading & Shipping v Radmar Trading Corp.,* 174 AD2d 346). Further, a triable issue of fact exists as to whether or not defendants should be estopped from asserting the statute of limitations because of the attorney-client relationship which existed between plaintiff Belle Endervelt and her brother Aleck Slade, defendant Edward Slade's father, which relationship continued for many years after the allegedly wrongful 1972 deed transfer *(see, Simcuski v Saeli,* 44 NY2d 442).

Contrary to defendants' contention, a review of the complaint, which is dispositive in determining whether a party is entitled to a jury trial *(Kaplan v Long Is. Univ.,* 116 AD2d 508, 509), demonstrates plaintiffs are entitled to a jury trial since a sum of money alone can provide full relief to them

*(Murphy v American Home Prods. Corp.,* 136 AD2d 229, 232; *see, Poley v Rochester Community Sav. Bank,* 184 AD2d 1027; *Hebranko v Bioline Labs.,* 149 AD2d 567; *Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19).

We have considered defendants' remaining contentions and find them to be without merit. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.