■ Ossory Trading, S. A., Respondent, v Geldermann, Inc., Appellant. (And a Third-Party Action.) [606 NYS2d 221] — Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about August 23, 1993, which, *inter alia,* granted the motion by plaintiff pursuant to CPLR 4102 (e) for leave to file, nunc pro tunc, a demand for trial by jury, unanimously affirmed, without costs.

Although the right to a jury trial is waived by joining legal and equitable causes of action arising out of the same alleged wrong *(New Jersey Steel Acquisition Corp. v Von Roll, AG.,* 188 AD2d 279), nevertheless, where, as here, monetary damages would afford a full and complete remedy, the action is one at law, and the plaintiff did not waive the right to jury trial merely by inclusion of a demand for equitable relief *(Cadwalader Wickersham & Taft v Spinale,* 177 AD2d 315, 316).

In the case at bar, while plaintiff pleaded equitable causes of action for an accounting and constructive trust, which were subsequently withdrawn, in addition to its causes of action at law, the primary demand in the plaintiff's complaint was for monetary damages caused by the defendant's alleged wrongful conversion of the plaintiff's bonds, which therefore entitled plaintiff to a trial by jury *(see, supra; Douglas A. Edwards, Inc. v Lax,* 85 AD2d 509).

In granting plaintiff leave to file a demand for trial by jury, nunc pro tunc, the IAS Court also properly invoked the liberal standards of CPLR 4102 (e), permitting a plaintiff to file a jury

demand if no prejudice would result, where, as here, plaintiff made a factual showing that the waiver of the right to a jury trial by the filing of the second note of issue by plaintiff's New York counsel was purely inadvertent due to a lack of communication between plaintiff's legal representatives, rather than an intentional waiver of a jury trial, and that defendant would suffer no undue prejudice as a result of the filing of the renewed jury demand *(see, Lane v Marshall,* 89 AD2d 579).

We have reviewed the defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.