■ ARROW COMMUNICATION LABORATORIES, INC., Doing Business as ARCOM, Respondent, v PICO PRODUCTS, INC., Appellant. (Appeal No. 1.) [632 NYS2d 903] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied defendant's motion to strike plaintiff's jury demand. Plaintiff's first cause of action is for a declaratory judgment interpreting the License Agreement between the parties, determining the rights of the parties, fixing the amounts due under the agreement, determining the amount plaintiff may have overpaid, and granting plaintiff a money judgment for the amount of such overpayment. The other cause of action seeks judgment for monies plaintiff paid into an escrow account as an undertaking after having obtained a temporary restraining order.

The right to a jury trial "is zealously protected * * * and

yields only to the most compelling circumstances" *(Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 21, *appeal dismissed* 59 NY2d 634). That right, however, depends upon the nature of the relief sought (CPLR 4101). The question whether a declaratory judgment action entitles a party to a jury trial depends on whether "the underlying claims set forth in the complaint are legal rather than equitable in nature" *(Martell v North Riv. Ins. Co.,* 107 AD2d 948, 949; *see, Cadwalader Wickersham & Taft v Spinale,* 177 AD2d 315, 316; *Murphy v American Home Prods. Corp.,* 136 AD2d 229). Further, if "a sum of money alone can provide full relief to the plaintiff under the facts alleged, then there is a right to a jury trial [citation omitted]" *(Murphy v American Home Prods. Corp., supra,* at 232).

The first cause of action seeks not only a declaratory judgment but also a money judgment for the amount plaintiff claims to have overpaid. Under the "next-nearest-context rule", plaintiff is entitled to a jury trial because the underlying controversy seeks a monetary award (Siegel, NY Prac § 439, at 668 [2d ed]). It is, therefore, properly considered as being in the nature of an action for legal relief *(see, Murphy v American Home Prods. Corp., supra,* at 232).

Further, both of plaintiff's causes of action rest upon the interpretation of the parties' License Agreement. We have previously held that the Agreement is ambiguous and susceptible to the constructions offered by both plaintiff and defendant, and that the intent of the parties must be determined by evidence outside the contract *(see, Arrow Communication Labs. v Pico Prods.,* 206 AD2d 922). When the interpretation of an ambiguous contract depends on extrinsic evidence, it presents a question of fact for a jury *(see, Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Cowper Co. v Buffalo Hotel Dev. Venture, supra; Quinn v Buffa,* 97 AD2d 752, 753).

Defendant's contention that plaintiff forfeited its right to a jury trial because the language in plaintiff's complaint may be construed as requesting equitable relief is without merit. The inclusion of language in the complaint such as "and for such other and further relief as the court may deem just and proper" does not "change the legal character of the relief demanded" if the relief sought is monetary damages *(Murphy v American Home Prods. Corp., supra,* at 233).

Defendant's further contention that plaintiff is not entitled to a jury trial because of its request for an accounting is also without merit. Where a party seeks an accounting, but the primary demand is for monetary damages, "[t]he accounting is merely a method to determine the amount of the monetary

damages. The action therefore sounds in law and not in equity" *(Cadwalader Wickersham & Taft v Spinale, supra,* at 316; *see, Abrams v Rogers,* 195 AD2d 349; *Azoulay v Cassin,* 103 AD2d 836; *Cowper Co. v Buffalo Hotel Dev. Venture, supra,* at 22-23).

We reject the contention of defendant that the "equitable nature" of its counterclaims precludes a jury trial on plaintiff's causes of action. Those counterclaims, which allege that plaintiff owes defendant money under the License Agreement and demand judgment for that amount, are legal in nature. Further, even if the counterclaims were equitable in nature and triable only by the court *(see,* CPLR 4101), they could not operate as a bar to the right of plaintiff to a jury trial of its own legal claims *(see, International Playtex v CIS Leasing Corp.,* 115 AD2d 271, 272; *Cowper Co. v Buffalo Hotel Dev. Venture, supra,* at 23). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Strike Jury Demand.) Present— Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.