■ PAUL E. HARRIS, Respondent, v TRUSTCO BANK NEW YORK, Appellant. [637 NYS2d 527] —Peters, J. Appeal from that part of an order of the Supreme Court (Caruso, J.), entered

April 13, 1995 in Schenectady County, which denied defendant's motion to strike plaintiff's note of issue and demand for a jury trial.

In May 1989, plaintiff executed a note in which he agreed to repay a car loan given to him by defendant in the sum of $7,603.33. According to the terms of the note, the loan was to be repaid in monthly payments over a period of four years. The failure to make timely payments constituted a default giving rise to defendant's right to demand payment of the full amount owing on the loan.

Plaintiff was frequently late with his loan payments. Defendant nonetheless accepted 31 late or partial payments until December 1991, when it repossessed plaintiff's automobile. Two months later, defendant sold the car to a dealer for $625, leaving, after assessments for repossession fees, a deficiency of $3,896.08.

Plaintiff then commenced this action, alleging causes of action sounding in breach of contract, intentional infliction of emotional distress and prima facie tort. Defendant answered and counterclaimed for the deficiency due on its loan to plaintiff. In his note of issue, plaintiff demanded a jury trial, a demand which defendant then moved to strike. Supreme Court denied defendant's motion and defendant appeals.

Defendant contends that this action is not eligible for a jury trial because the causes of action alleged therein are equitable in nature. Defendant argues that the basis of all of plaintiff's claims against defendant is the equitable remedy of estoppel, i.e., that defendant was estopped from repossessing plaintiff's car after it had accepted 31 late payments from him. Other theories raised in the complaint, according to defendant, are the equitable theories of contract reformation and waiver. While defendant correctly contends that some of the issues raised by plaintiff in his complaint are equitable in nature, it is apparent that the gravamen of this action sounds in contract and tort law rather than equity. Such causes of action are eligible for jury trial, particularly where, as here, the complaint contains "demands and sets forth facts which would permit a judgment for a sum of money only" (CPLR 4101 [1]; *see, Vega v Metropolitan Life Ins. Co.*, 146 AD2d 495, 496; *Murphy v American Home Prods. Corp.*, 136 AD2d 229, 233; *Martell v North Riv. Ins. Co.*, 107 AD2d 948, 949-950). Hence, Supreme Court correctly ruled that plaintiff's demand for a jury trial was valid.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.