(September 18, 1997)

■ LISA M. MORETTI, Respondent, v 860 WEST TOWER, INC., Appellant. (And Another Action.) [662 NYS2d 50] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 21, 1997, which, in a consolidated action by plaintiff tenant for an injunction compelling defendant landlord to make repairs to plaintiff's apartment, personal injury and property damage, and breach of the warranty of habitability, and by the landlord against the tenant for nonpayment of rent, insofar as appealed from, denied the landlord's motion to strike the tenant's jury demand with respect to the tenant's claim for personal injury and property damage, and to vacate the note of issue, unanimously affirmed, with costs.

We affirm the ruling that plaintiff is entitled to a jury trial on her negligence claim only because a monetary recovery would provide plaintiff with full relief, and thus the initial joinder of prayers for both legal and equitable relief did not constitute a waiver of the right to a jury trial in the first instance (*see, Endervelt v Slade*, 194 AD2d 305, *lv dismissed in part and denied in part* 82 NY2d 841; *cf., Panarella v Penthouse Intl.*, 64 AD2d 545). Denial of the motion to vacate the note of issue was a proper exercise of discretion in view of plaintiff's production of all but one of the items directed in the discovery order, and her colorable attempt at full compliance by providing a redacted copy of that item. Concur—Murphy, P. J., Sullivan, Ellerin and Williams, JJ.