# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**679**

**CA 14-01763**

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, SCONIERS, AND WHALEN, JJ.

---

CANANDAIGUA EMERGENCY SQUAD, INC., PENFIELD
VOLUNTEER EMERGENCY AMBULANCE SERVICE, INC.,
NORTHEAST QUADRANT ADVANCED LIFE SUPPORT, INC.,
CHILI VOLUNTEER AMBULANCE SERVICE, INC., AND
VILLAGE OF MACEDON, PLAINTIFFS-APPELLANTS,

V                                                           MEMORANDUM AND ORDER

ROCHESTER AREA HEALTH MAINTENANCE ORGANIZATION,
INC., DOING BUSINESS AS PREFERRED CARE,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

PINSKY LAW GROUP, PLLC, SYRACUSE (BRADLEY M. PINSKY OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (JEREMY M. SHER OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered December 26, 2013. The order, among other things, granted defendant's motion to strike plaintiffs' demand for a jury trial.

It is hereby ORDERED that said appeal from that part of the second ordering paragraph denying that part of plaintiffs' cross motion seeking to preclude certain evidence, and from the third and fourth ordering paragraphs is unanimously dismissed (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985, 985), and the order is modified on the law by denying the motion, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs are various entities that provided emergency ambulance services to persons enrolled in health insurance plans administered by defendant. Plaintiffs submitted bills to defendant, and defendant remitted payments to plaintiffs for those services. In 2008, defendant informed plaintiffs that it overpaid them for services provided in 2007 and 2008, and it thereafter reduced payments made to plaintiffs in order to recoup the alleged overpayments for that period. Plaintiffs commenced this action challenging defendant's right to recoup the alleged overpayments.

Defendant filed a note of issue requesting a nonjury trial and plaintiffs responded with a demand for a jury trial. Defendant moved

to strike the demand, and plaintiffs cross-moved to dismiss certain affirmative defenses and to preclude defendant from introducing evidence that its alleged overpayments were based upon mistakes attributable to the computer software program used by defendant to process payments to plaintiffs.

By the order in appeal No. 1, Supreme Court granted defendant's motion and that part of plaintiffs' cross motion seeking dismissal of the sixth affirmative defense. The court otherwise denied the cross motion. In addition, the court, sua sponte, struck the amended note of issue and certificate of readiness and granted defendant leave to amend its answer with counterclaims "for the sole purpose of pleading a defense based upon the software error."

Defendant moved to reargue that part of plaintiffs' cross motion seeking to preclude defendant from introducing evidence concerning the alleged software error, and to strike, as unnecessary, those parts of the order that the court granted sua sponte. By the order in appeal No. 2, the court granted defendant's motion in its entirety and, upon reargument, adhered to its decision denying that part of plaintiffs' cross motion seeking to preclude evidence.

In appeal No. 1, plaintiffs' "notice of cross appeal" expressly limited the scope of the appeal and did not include that part of the order denying their cross motion insofar as it sought dismissal of the first and fifth affirmative defenses. We decline to exercise our discretion to construe the notice of appeal to encompass plaintiffs' contention that the court erred in denying the cross motion to that extent (*see Haas v Haas*, 265 AD2d 887, 888-889; *see generally McSparron v McSparron*, 87 NY2d 275, 282, *rearg dismissed* 88 NY2d 916).

We agree with plaintiffs in appeal No. 1, however, that the court erred in granting defendant's motion to strike their demand for a jury trial, and we therefore modify the order accordingly. The question whether plaintiffs are entitled to a jury trial turns on whether "the underlying claims set forth in the complaint are legal rather than equitable in nature" (*Martell v North Riv. Ins. Co.*, 107 AD2d 948, 949). Here, we conclude that plaintiffs' request for "a declaration that [defendant] is not entitled to offset or recoup any funds from [p]laintiffs" is incidental to their request for monetary relief. "[V]iewed in its entirety, the primary character of the case is legal" (*Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315, 316), and "the complaint contains 'demands and sets forth facts which would permit a judgment for a sum of money only' " (*Harris v Trustco Bank N.Y.*, 224 AD2d 790, 791, quoting CPLR 4101 [1]).

In appeal No. 2, the court, upon reargument, properly adhered to its prior decision denying that part of the cross motion seeking to preclude defendant from introducing evidence concerning its mistaken overpayments arising from the alleged software error. Contrary to plaintiffs' contention, the record is replete with references to that alleged error, which is at the foundation of defendant's counterclaims for restitution and money had and received (*see Banque Worms v Bank America Intl.*, 77 NY2d 362, 366-367; *Manufacturers Hanover Trust Co. v*

*Chemical Bank*, 160 AD2d 113, 117-118, *lv denied* 77 NY2d 803).

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court