Piccoli v Cerra, Inc. (2023 NY Slip Op 02901)

Piccoli v Cerra, Inc.

2023 NY Slip Op 02901

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-05762
2020-00640
 (Index No. 607027/17)

[*1]Frank Piccoli, et al., respondents, 
v
Cerra, Inc., et al., appellants.

Clark Guldin, New York, NY (Jonathan T. Guldin and Jonathan A. Ozarow of counsel), for appellants.
Stim & Warmuth, P.C., Farmingville, NY (Paula J. Warmuth of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated June 12, 2020, and (2) an order of the same court dated January 11, 2021. The order dated June 12, 2020, granted the plaintiffs' motion to strike the defendants' demand for a jury trial. The order dated January 11, 2021, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiffs are the assignees of Empire Sand & Stone Corporation (hereinafter Empire), which ceased its operations in or about December 2011. The defendant Al Cerra was, at all relevant times, the president of the defendant Cerra, Inc., which provides crushing equipment. In April 2017, the plaintiffs commenced this action to recover damages for breach of contract, alleging that Cerra, individually, and on behalf of Cerra, Inc., agreed to purchase certain construction equipment from Empire, including a certain cone crusher, in accordance with a handwritten agreement drafted by the plaintiff Frank Piccoli, the president of Empire. The equipment was sold "as is where is." The handwritten agreement called for 36 monthly payments in accordance with a payment schedule. According to the agreement, Cerra was personally responsible for all payments. Cerra made 11 monthly payments before payment stopped.
In February 2018, the defendants interposed an answer asserting various affirmative defenses and counterclaims, including fraud in the inducement based on alleged misrepresentations made by Piccoli with respect to the condition of the cone crusher, upon which Cerra allegedly relied in purchasing same. As relevant here, the first counterclaim sought "a judgment that the [underlying agreement] is void ab initio as a result of Piccoli's fraudulent conduct."
In or about January 2020, the defendants served a jury demand pursuant to CPLR 4102(a). Subsequently, the plaintiffs moved to strike the defendants' demand for a jury trial on the ground that the defendants waived their right to demand a jury trial by asserting an equitable counterclaim. The defendants opposed the motion, arguing that their first counterclaim sought [*2]reformation of the underlying agreement. In an order dated June 12, 2020, the Supreme Court granted the plaintiff's motion. The defendants appeal from this order.
In or about May 2020, the defendants moved for summary judgment dismissing the complaint based on their affirmative defense alleging fraud in the inducement, and alternatively, mutual mistake. In an order dated January 11, 2021, the Supreme Court denied the defendants' motion. The defendants appeal from this order as well.
The Supreme Court properly granted the plaintiffs' motion to strike the defendants' demand for a jury trial. "Where a plaintiff brings a claim triable by jury and the defendant interposes a related counterclaim not triable by jury, the defendant is held to have waived a jury trial even on the main claim" (Seneca v Novaro, 80 AD2d 909, 910; see Conwell Props., Inc. v DAG Rte. Six, LLC, 210 AD3d 1051, 1051; Nationscredit Fin. Servs. Corp. v Turcios, 55 AD3d 806, 806). Here, contrary to the defendants' contention, their first counterclaim seeks an equitable remedy on its face and in nature and, thus, they waived their right to a jury trial (see Conwell Props., Inc. v DAG Rte. Six, LLC, 210 AD3d at 1051; Nationscredit Fin. Servs. Corp. v Turcios, 55 AD3d at 806).
The Supreme Court also properly denied the defendants' motion for summary judgment dismissing the complaint on the basis of fraud in the inducement. To prevail on a claim of fraudulent inducement, it must be shown that there was "a knowing misrepresentation of material present fact, which [was] intended to deceive another party and induce that party to act on it, resulting in injury" (Tsinias Enterprises Ltd. v Taza Grocery, Inc., 172 AD3d 1271, 1273; see Louie's Seafood Rest., LLC v Brown, 199 AD3d 790, 793). Regarding reasonable reliance on a misrepresentation of a material fact, the party alleging fraudulent inducement is expected to exercise ordinary diligence and may not claim to have reasonably relied on the other party's representations or silence where he or she has means available to him or her of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation (see Feldman v Byrne, 210 AD3d 646, 649; KNK Enterprises, Inc. v Harriman Enterprises, Inc., 33 AD3d 872). The resolution of the issue of whether a party reasonably relied on the other party's misrepresentation "is generally left to the finder of fact" (Lawson-Groome v Smalls, 144 AD3d 633, 634; see Feldman v Byrne, 210 AD3d at 649).
In support of their motion, the defendants submitted evidence showing, among other things, that Cerra proceeded with the transaction despite knowing that he could not confirm the condition of the cone crusher at the time of the sale, and that he had not received full information regarding the scope of repair work that had been performed on the cone crusher. The defendants' submissions failed to eliminate triable issues of fact, inter alia, as to whether Cerra justifiably relied on misrepresentations by Piccoli as to the condition of the cone crusher (cf. KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d at 872). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court