Ramirez v Garcia (2025 NY Slip Op 51757(U))

[*1]

Ramirez v Garcia

2025 NY Slip Op 51757(U)

Decided on November 5, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 5, 2025
Civil Court of the City of New York, Queens County

Severiano Ramirez, Petitioner,

against
Jorge Garcia, 37-12 94th Street, Basement Apartment 1, 
 Jackson Heights, New York 11372, Respondent, "John Doe" and "Jane Doe", et al., Respondents.

Index No. 309008/2024

For Petitioner: 
Samuel Wayne Miller Attorney
7600 Jericho Turnpike, Suite 105
Woodbury, New York 11797
For Respondent:
JEFFREY MCADAMS Attorney
305 BROADWAY, SUITE 505
New York, New York 10007
(212) 406-5145

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R § 2219(a), of the papers considered in review of the motion filed by petitioner, Severiano Ramirez:
Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF Doc. Nos. 48 — 50)
Affirmation in Opposition (NYSCEF Doc. Nos. 51)
Affirmation in Reply (NYSCEF Doc. Nos. 53 — 54)
After argument heard on October 14, 2015, the Court's decision on Petitioner's motion to strike the jury demand is as follows:
RELEVENT FACTS AND PROCEDURAL HISTORY
This is a summary holdover proceeding commenced by petitioner Severiano Ramirez [*2]("Petitioner") against Respondent seeking possession of the subject premises. (see NYSCEF Doc. Nos. 1-2). Respondent was a tenant pursuant to an oral rental agreement for a month-to-month tenancy entered into between Respondent and Petitioner on or about January 2010. (Id.). On January 31, 2024, Petitioner served Respondents with a Ninety (90) Day Notice of Termination of Tenancy. (Id.). Upon Respondent's failure to vacate in accordance with the Notice of Termination, Petitioner commenced this summary proceeding by the filing of the holdover petition on June 4, 2024. (see Doc. No. 1). The petition acknowledges that the subject premises is a de facto multiple dwelling. (Id.). The petition does specifically seek arrears or use and occupancy. (Id.).
A motion to dismiss was denied by Decision and Order dated June 2, 2025. That Order required that Respondent file an answer by June 13, 2025. (see Doc. No. 42).
On June 13, 2025, Respondent filed his answer and jury demand. (see Doc. Nos. 44 - 45). The answer interposed the following affirmative defenses: (1) the premises is a de facto multiple dwelling and therefore subject to Rent Stabilization Law 1974; (2) Petitioner has unclean hands by failing to file a multiple dwelling registration, failing to obtain necessary alteration permits, and failing to amend the certificate of occupancy; (3) Petitioner is engaging in retaliatory eviction after Respondent prevailed in a separate nonpayment case (LT-305969-23); and (4) Petitioner has unclean hands by engaging in threatening and harassing behavior towards Respondent and failing/refusing to correct defective conditions. The answer also interposed a counterclaim seeking the following: (1) a declaratory judgment reducing Respondent's rent from $1,300 to $725 [FN1]
and; (2) awarding Respondent overcharge damages of $31,000 plus $93,000 in treble damages. (Id.).
The issue before this court is whether Respondent waived his right to a jury trial by raising counterclaims seeking equitable relief.

DISCUSSION
NY City Civ Ct Act § 1303 states that "[i]n a summary proceeding to recover possession of real property, the demand may be made by the tenant at the time of answering ..." CCA 1303 (a) provides that if a party appears in person to answer, he or she "shall demand a jury trial at that time." (see Mohan v Balgobin, 78 Misc 3d 728, 730 [Civ Ct, Bronx County 2023]).

Timeliness of the Jury Demand
The most recent amendment to DRP-103 states in relevant part:
"In a summary holdover proceeding to recover real property the Clerk is to accept a jury demand and the required filing fee as having been timely filed is the following instances:
a) By the Tenant/Respondent: At any time of answering. "The time of answering" is to mean the time when the case is first noticed to be heard or any subsequent adjourned date prior to the commencement of the trial."[FN2](see also Mohan, 78 Misc 3d at 730). 
The instant jury demand was filed on June 13, 2025, along with Respondent's verified answer, affirmative defenses, and counterclaim in accordance with the directives set forth in this [*3]Court's June 2025 Decision. As such, the jury demand is timely. 

Petitioner's Motion to Strike Jury Demand Pursuant to CPLR § 4101.
Petitioner moves this court to strike Respondent's jury demand pursuant to CPLR § 4101, which states in relevant part that, "issues of fact shall be tried by a jury unless a jury trial is waived . . . except that equitable defenses and equitable counterclaims shall be tried by the court." (Id.). Petitioner asserts that Respondent waived the right to a jury trial by asserting counterclaims for equitable relief which were not incidental to Respondent's legal claims. Petitioner's motion is granted on this basis.
The prevailing rule is that the deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial. (see Hebranko v Bioline Lab'ys, Inc., 149 AD2d 567, 567 [2d Dept 1989]). "[I]t has been held that, where a plaintiff brings a claim triable by jury and the defendant interposes both equitable defenses and counterclaims arising from the same transaction, the defendant waives a jury even on the main, legal, claim." (see Mohan, 78 Misc 3d at 733, citing Hudson View II Assoc. v. Gooden, 222 AD2d 163 [1st Dept 1996]). It has also been held that where plaintiff brings a claim triable by jury and the defendant asserts a related counterclaim not triable by jury, defendant thereby waives a jury trial in all respects, including on the main claim." (see Mohan 78 Misc 3d at 734, citing Seneca v Novaro, 80 AD2d 909, 910 [2d Dept 1981]; Piccoli v Cerra, Inc., 216 AD3d 1188 [2d Dept 2023]).
Respondent, in his opposition, appears to argue that his demand for jury trial is not waived as his counterclaims sought monetary damages for the rent overcharge, as well as a "forfeiture" for future rent which are "equally monetary." (see Doc. No. 51 ¶ 8). This argument is unavailing. Respondent is clearly seeking equitable relief in asking the court to both set and permanently reduce his rent.
Exceptions to the prevailing waiver rule have been made in instances where the equitable relief sought is "incidental to the demand for money damages" (see Blackman v Metro. Transit Auth., 225 AD3d 736, 737 [2d Dept 2024]) (trial court should have denied the motion to strike jury demand where an award of monetary damages would afford the plaintiff a full and complete remedy)). Where a plaintiff alleges facts upon which monetary damages alone will afford full relief, irrespective of the claims for equitable relief, inclusion of a demand for equitable relief in the complaint's prayer for relief will not constitute a waiver of the right to a jury trial. (see Murphy v Am. Home Prods. Corp., 136 AD2d 229, 233 [1st Dept 1988]).
The right to a jury trial must be determined by the facts alleged in the complaint and not by the prayer for relief. (see Blackman, supra.). Taking all facts alleged in the pleadings, the equitable relief sought in Respondent's counterclaim does not fall within the exceptions set forth in Blackman or Murphy. Respondent's counterclaim for declaratory judgment to reduce future rent from $1,300 to the prior rate of $725 is equitable in nature, and not incidental to the demand for money damages stemming from prior alleged overcharges.
Generally, the determinant as to whether a claim is at law or at equity is the nature of the relief sought which, under the facts alleged, could fairly compensate the party bringing the claim. (see Murphy, supra.). "If, in fact, a sum of money alone can provide full relief to the plaintiff under the facts alleged, then there is a right to a jury trial." (Id.). If money damages alone could achieve that end, the action is generally at law. (see Hudson, 222 AD2d at 168). The court in Hudson found that the defendants' counterclaim seeking damages for the value of services and actual expenditures were legal in nature, and therefore did not constitute a waiver of [*4]the jury demand, as the claims were predicated on principles of contract and/or quasi-contract which still seek only money damages. (Id.). Unlike in Murphy and in Hudson, an award of monetary damages on Respondent's counterclaim would only compensate him for any monetary loss allegedly incurred between February 2019 and January 2023 (the period of the alleged overcharge). (see Doc. No. 51 ¶¶ 26 — 27). It would not resolve his requests for the court to set and reduce his rent.
Respondent relies on Seymour v Hovnanian, (211 AD3d 549 [1st Dept 2022]), which held that the equitable relief seeking to compel defendants to perform remediation work was incidental to money damages, as money damages would have afforded full and complete relief.[FN3]
Such is not the case here. Respondent's counterclaim to recoup the difference of the prior rent overcharge would only address prior monetary loss but would not afford relief for any continuing alleged overcharge of rent. Respondent's counterclaim for relief goes beyond money damages, as it appears to be seeking, not only an order effectively continuing his tenancy, but a reduction of rent back to the original rate of $725 for an indefinite period. As such, Respondent's counterclaim for rent adjustment is equitable within the contemplation of CPLR § 4101, and the right to a jury trial has been waived.

CONCLUSION
Based on the foregoing, Petitioner's motion to strike Respondent's jury demand is granted.
The matter will be referred to Part X for trial assignment.
This is the decision and order of the court. It will be posted to NYSCEF.
Dated: November 5, 2025
Queens, New York
SO ORDERED,
HON. SHORAB IBRAHIM
Judge, Housing Part B

Footnotes

Footnote 1:Amount originally charged prior to Petitioner increasing the rent in December 2018 and February 2019. (see Doc. No. 45, ¶ 24).

Footnote 2:DRPs are "Directives and Procedures" memos issued by Court leadership.

Footnote 3:The court in Seymour also held that "abatement of and damages for a nuisance" is triable by a jury. Seymour, 211 AD3d 558. Respondent, however, did not interpose a counterclaim for abatement.